STATE EX REL. EWALD, RESPONDENT, *v.* CERTAIN INTOXICATING LIQUORS ET AL., APPELLANTS.

(No. 5,472.)

(Submitted May 24, 1924.   Decided June 30, 1924.)

[227 Pac. 472.]

*Intoxicating Liquors — Searches and Seizures — Search-warrants—Issuance by Justice of the Peace—Certification of Proceedings to District Court—Time—Statutory Construction—Special Enforcement Officers—Powers.*

Search-warrant—Justice of the Peace may Issue—Forfeiture of Property Determinable by District Court.

1. While under section 11071, Revised Codes of 1921, as amended by Chapter 116, Laws of 1923, a justice of the peace may, with the approval of the county attorney, issue search-warrants in cases

involving violations of the liquor laws, the district court alone has jurisdiction to determine a forfeiture of the property seized.

Statutory Construction—Duty of Court to Reconcile Statutes Dealing With Same Subject.
2.    In the construction of a particular statute, all Acts relating to the same subject or having the same general purpose should be read in connection with it, as together constituting one law, it being the duty of courts to reconcile them, if possible, and make them operative.

Same—Antagonistic General and Special Statutes—Latter Controlling.
3.    Where there is a general and a special statutory provision upon a given subject which cannot be harmonized, the special one is controlling, and if the latter is found to be inoperative, resort may be had to the general law with a view to harmonizing them and, if possible, making the later special Act operative.

Same—Last Legislative Expression on Given Subject not Modified by Previous Acts *in Pari Materia.*
4.    Where the last legislative expression upon a subject is complete in itself and intended to prescribe the only rule to be observed, it may not be modified by the displaced Act as laws *in pari materia,* the legislature being presumed to know of existing statutes and the state of the law relating to the subjects with which it deals.

Intoxicating Liquors—Search-warrant—Issuance by Justice of the Peace—Certification of Proceedings to District Court—Time.
5.    *Held,* under the above rules (par. 2, 3) that Chapter 116, Laws of 1923, amendatory of the Enforcement Act, and by which justices of the peace are given the same authority to issue search-warrants in liquor cases as is reposed in district judges, but by which no provision is made for certification of the proceedings by the justice of the peace to the district court, must be construed, by recourse to the general statutes relating to search-warrants, to require the justice of the peace to certify all proceedings in connection with the search-warrant issued by him to the district court forthwith after the return made to him by the officer serving the warrant.

Same.
6.    Where a justice of the peace who had issued a search-warrant in a liquor case did not certify the proceedings to the district court until two weeks had expired after return of the warrant made to him, the statute (see par. 5) was not substantially complied with and the judgment of the district court ordering the property seized under the warrant was void, entitling the owner to a return of the property (other than the liquor seized).

Same—Search-warrant—Special Enforcement Officer may Execute.
7.    A special enforcement officer, regularly appointed, has the same powers as a sheriff so far as the enforcement of liquor laws is concerned, and therefore has authority to execute a search-warrant issued in such a proceeding.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

2.    Construction together of contemporaneous statutes *in pari materia,* see notes in 18 Ann. Cas. 524; Ann. Cas. 1915A, 186.
4.    Rule that last of several irreconcilable provisions will be given effect, see notes in 6 Ann. Cas. 860; 19 Ann. Cas. 149.

Action by the State of Montana, on the relation of F. A. Ewald, County Attorney for Cascade County, against certain intoxicating liquors, Andrew Rehor and another. From a judgment · ordering forfeiture the defendants appeal. Reversed and remanded.

*Mr. David J. Ryan,* for Appellants, submitted a brief and argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, *Mr. L. A. Foot,* Assistant Attorney General, and *Mr. R. H. Glover,* for Respondent, submitted a brief; *Mr. Glover* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an appeal from a judgment of the district court of Cascade county ordering the forfeiture to the state of certain personal property belonging to Andrew Rehor and Steve Pappas, a portion thereof to be destroyed and the balance sold, because of the use of such property in violation of the laws of Montana prohibiting the sale of intoxicating liquors. One Andrew Dobnak, appeared in the proceeding and made claim to the property by reason of a chattel mortgage thereon executed July 14, 1923, a little over a month before the property involved was taken by virtue of a search-warrant by a special officer appointed pursuant to the law providing for the enforcement of the prohibition statutes. The defendant Andrew Rehor and the claimant, Andrew Dobnak, have appealed.

The specifications of error raise but two questions, *viz.;* (1) The authority of the district court to enter the judgment, and (2) the right of a special officer appointed for the enforcement of the law prohibiting the sale of intoxicating liquors to execute a search-warrant. These questions will be considered and disposed of in their order.

It is the appellant's contention (1) that the district court was without jurisdiction, because while section 11071 of the

Revised Codes of 1921, as amended by Chapter 116 of the Laws of 1923, authorizes justices of the peace to issue search-warrants, yet there is no provision made in the statute for certifying the proceedings to the district court; (2) and that, under the provisions of section 11105 of the Revised Codes of 1921, upon return of the warrant the judge shall fix a time, "not less than ten nor more than twenty days" for a hearing on the return, and in this instance the district court did not fix the time for hearing on the return until after the lapse of more than twenty days from the date it was made.

It appears that a search-warrant, directing a search of the "Old Home Bar," 403 First Avenue South, in the city of Great Falls, for intoxicating liquors, and implements and articles used or kept for the illegal manufacture of intoxicating liquor, was issued by C. A. Wilson, justice of the peace for Great Falls township, Cascade county, upon affidavit showing probable cause made by one W. A. Wood. The search-warrant is in usual form, directed "to any sheriff, constable, marshal, or policeman or to any peace officer in said county." It was delivered for execution to C. S. Hanna, a special officer appointed pursuant to authority of the statutes for the enforcement of the laws prohibiting the sale of intoxicating liquors. The warrant was served and executed by Hanna on August 17, 1923, and on the following day he made and filed complete return thereon with the justice of the peace. Thereafter, on the thirty-first day of August, 1923, the justice of the peace certified all of the proceedings in the case to the district court, which were then and there duly filed. The district court thereupon issued its order fixing September 11, 1923, at 10 o'clock A. M., as the time for hearing the petition, and required notice to be given by service of a copy of the order on the defendants named therein Andrew Rehor, and Steve Pappas "ten days before said hearing." The return of the sheriff shows that service of the order was made upon them the day before the hearing, *viz.*, September 10, 1923. However, since no question was raised in the district court or on appeal with respect to the suffi-

ciency of the notice of the hearing we will raise none. It will be noted counsel's contention relates alone to the return of the proceedings to the district court and the time at which the hearing is required to be held.

1. In cases involving violations of the liquor laws, justices [1] of the peace are authorized to issue search-warrants "with the approval of the county attorney" (sec. 11071, Rev. Codes 1921, as amended by Chapter 116, Laws 1923), but the district court alone has jurisdiction to determine a forfeiture of the property under the law relating to intoxicating liquors. (Secs. 11122, 11105, Rev. Codes 1921; *State* v. *Bowker,* 63 Mont. 1, 205 Pac. 961). And, since the amendatory Act of 1923 is silent as to the return and hearing required we must look to other existing laws on the subject to see if they may be applicable.

In order to interpret the statutory provisions involved, and, [2] if possible, give them meaning, we deem it well first to set forth a few of the fundamental principles relative to statutory construction applicable in this case; and then to review the history of the enactments.

"One of the recognized rules of construction of statutes is that we are to look to the state of the law when the statute was enacted in order to see for what it was intended as a substitute. No single statute should be interpreted wholly by its own words. Upon enactment it becomes a part of, and is to be read in connection with, the whole body of the law." (25 R. C. L. 1052.)

"In the construction of a particular statute, or in the interpretation of any of its provisions, all Acts relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law." (36 Cyc. 1147, 1148.) And the law imposes a duty upon the judicial department to pursue the legislative intent so far as possible. (*Lerch* v. *Missoula Brick & Tile Co.,* 45 Mont. 314, Ann. Cas. 1914A, 346, 123 Pac. 25.) It is our duty to reconcile the statutes, if possible, and make them operative.

Where there is a general and a specific statutory provision [3, 4] upon a subject which cannot be harmonized, the special is controlling, and must be given effect, if possible. (*Stadler* v. *City of Helena,* 46 Mont. 128, 127 Pac. 454; *State ex rel. Esgar* v. *District Court,* 56 Mont. 464, 185 Pac. 157.) If the provisions of the special enactment are found to be inoperative, resort may be had to the general law in order to harmonize the statutes and if possible make the later statute dealing with a particular subject operative. However, we are not at liberty to insert that which has been omitted, or to omit that which has been inserted in construing the meaning of statutes. (Sec. 10519.) And where a general and a particular provision are inconsistent the latter is paramount to the former. (*Id.,* 10520.) "Where the last statute is complete in itself, and intended to prescribe the only rule to be observed, it will not be modified by the displaced legislation, as laws *in pari materia.* The legislature is presumed to know existing statutes and the state of the law relating to the subjects with which they deal." (Lewis' Sutherland on Statutory Construction, 2d ed., sec. 447.)

With these elementary rules of interpretation of statutes [5] in mind, let us consider the history of the legislation respecting the issuance of search-warrants in cases involving violations of the liquor laws. The legislative assembly in 1917 enacted Chapter 143, sections 7 and 8 whereof read as follows:

"Section 7. If upon the sworn complaint of any person, it shall be made to appear to any judge of the district court that there is probable cause to believe that intoxicating liquor is being manufactured, sold, exchanged, given away, bartered or otherwise disposed of, or kept contrary to law, such judge shall, with or without the approval of the county attorney, issue a warrant directed to any peace officer in the county, commanding him to search the premises designated and described in such complaint and warrant, and to seize all intoxicating liquor there found, together with the vessels in which it is contained, and all implements, furniture, fixtures and

other articles  *  *  *  and to safely keep the same, and to make a return of said warrant within three days, showing all acts and things done thereunder, with a particular statement of all liquor implements, furniture, fixtures and other articles seized, and the name of the person or persons in whose possession the same were found, if any, and if no person be found in the possession of the same, the return shall so state, *etc.*

"Section 8.   Upon the return of the warrant as provided in the last preceding section, the judge shall fix a time, not less than ten days nor more than twenty days thereafter, for the hearing of said return, when the court shall proceed to hear and determine whether or not the implements, furniture or fixtures, or other articles so seized, or any part thereof, were used or in any manner kept or possessed by any person with the intention of violating any of the provisions of the laws of this state relating to intoxicating liquors.   At such hearing any person claiming any interest in any of the implements, furniture, fixtures or other articles seized, may appear and be heard upon filing a verified claim setting forth particularly the character and extent of his interest," *etc.*

These sections were carried forward into the Revised Codes of 1921, and now appear as sections 11104 and 11105 thereof. At this juncture in legislation the application of these statutes entailed no difficulty.   The complaint for a search-warrant was required to be presented to a judge of the district court, who *alone* was given authority to issue a warrant.   The officer to whom it was delivered for execution was required to make return thereof *"within three days."*   The *return* necessarily had to be so made to the judge who issued the warrant, as no other provision was made.   Since the district judge alone could issue the warrant, and it was required to be *returned*, it would seem clear that the *return* contemplated was to the district judge.   Then upon return of the warrant, the judge was required forthwith to fix a time "not less than ten days nor more than twenty days thereafter, for the hearing of *said return."*   The complication arises with respect to the enactment of Chapter 116 of the Laws of 1923.   By it a

[6] justice of the peace is given the same authority as a district judge to issue such search-warrants, but, under existing statutes unaffected by this enactment, the district court *alone* has jurisdiction to determine a forfeiture of the property. (Secs. 11122, 11105, Rev. Codes 1921; *State* v. *Bowker, supra.*)

By the amendment the officer is required to make return of the warrant "within three days," but as to whom such return shall be made there are no directions. Since the warrant issued from a justice of the peace, it should be returned to him. So far so good, but the justice of the peace is without jurisdiction to proceed further, and how do the proceedings reach the district judge and within what time? The Act of 1923 is silent. Yet by the provisions of section 11105 the district judge must act. He is required upon the return of the warrant as provided for in the preceding section (11104) to "fix a time not less than ten days nor more than twenty days" after the return of the warrant for a hearing on the return. How can he fix a time for the hearing as commanded when there is no return made to him, when there is nothing before him upon which to act? The absurdity of the situation must be apparent.

When we come to look elsewhere for statutes which may be employed to relieve the predicament developed by the 1923 amendment, what do we find? Reference to the general statutes (secs. 12394 to 12413) respecting search-warrants affords the only avenue of escape from the situation with which we are confronted. Resort to section 8882, providing that, when jurisdiction is conferred on a judicial officer, all means necessary to carry it into effect are also given, is without benefit. The general statutes on search-warrants authorized to be issued by justices of the peace in ferreting out crime beyond the jurisdiction of a justice of the peace provide that the "search-warrant must be executed and returned to the magistrate who issued it within ten days after its date" (sec. 12405), and that it is void if not so executed; that "the officer must forthwith return the warrant to the magistrate"

(sec. 12409), and the latter is required to retain the property in his possession ''subject to the order of the court to which he is required to return the proceedings.'' (Sec. 12407.) It is required that the justice ''must annex together the depositions, search-warrant, and return, and the inventory and return them to the next term or session of the district court having power to inquire into the offenses in respect to which the search-warrant was issued, at or before its opening on the first day.'' (Sec. 12413.)

What is said in the decision of this court in the case of *State ex rel. Samlin* v. *District Court,* 59 Mont. 600, 198 Pac. 362, in considering the application of section 11104 of the Revised Codes of 1921 is not against the views herein expressed. Therein it is said: ''In enacting it [section 11104] the legislature must have had in mind the general provisions of the Codes, for it did not attempt to lay down any procedure, and it expressly recognized the necessity that the district judge, acting as the magistrate, should determine the question of the existence or nonexistence of probable cause, and issue or refuse to issue the warrant accordingly. The Act, so far as it relates to the issuance of such warrants, is *in pari materia* with the provisions of the Codes on the same subject, and must be construed accordingly. The power of the district judge in this behalf is, therefore, the same as that of the magistrate, and is subject to exactly the same limitations.''

Section 8882 is of no avail, because the legislature has assumed to prescribe the procedure.

We must take and apply the statutes as we find them, in so far as they are susceptible of application. It is our duty to reconcile the statutes and so construe them as to make them operative if possible. As the proceeding involves the forfeiture of property, the statutes must be complied with substantially. To give the amendment effect, so far as possible, as is our duty, we must hold that in order to put the district court in position to proceed in the matter, the officer must make return of the warrant to the justice of the peace

within three days after its issuance, and in turn the justice of the peace must certify all proceedings in connection with the search-warrant to the district court forthwith, otherwise subsequent proceedings thereon are void. Since the justice of the peace did not certify the proceedings to the district court until the lapse of two weeks, there was not a substantial compliance with the statutory requirements, and the judgment complained of is therefore void, and the property other than the whisky must be returned to the persons from whose possession it was taken.

2. As to the right of special officers appointed for the enforcement of the liquor laws to execute a search-warrant, the [7] statute authorizes their appointment and provides respecting their authority that, ''for the purpose of enforcing the laws relating to intoxicating liquors, such special officers shall have the same powers as sheriffs.'' No attack is made on the regularity of the appointment of the officer nor the authority for such appointment as was done in the case of *State* v. *Rouleau,* 68 Mont. 529, 219 Pac. 1096. So that, the appointment being regular, the language of the statute completely answers the objection of appellant's counsel. It must be held that the warrant was executed by a person specifically authorized by statute to execute it. There is no assignment of error made respecting the legal rights of the appellant Dobnak, the third party claimant to the property. However, since the proceeding must be dismissed, his rights will be protected.

For the reasons stated in this opinion, the judgment is reversed and the cause remanded to the district court of Cascade county, with directions to dismiss the proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY and STARK concur.

MR. JUSTICE COOPER, being absent, takes no part in the foregoing decision.