No. 13100

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STATE OF MONTANA ex rel,
GLEN BENNICK,

                    Petitioner,

        -vs-

THE DISTRICT COURT OF THE THIRTEENTH JUDICIAL
DISTRICT OF THE STATE OF MONTANA, and THE HONORABLE
C. B. SANDE, as presiding Judge thereof,

                    Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

    For Petitioner:

        Michael J. Whalen, Billings, Montana
        James J. Sinclair argued, Billings, Montana

    For Respondents:

        Hon. Robert L. Woodahl, Attorney General, Helena,
          Montana
        John F. North, Assistant Attorney General, argued,
          Helena, Montana
        Harold F. Hanser, County Attorney, Billings, Montana
        Thomas C. Honzel argued, Helena, Montana
        Diana S. Dowling argued, Helena, Montana

---

                            Submitted:  July 30, 1975

                            Decided: AUG 4 1975

Filed:  AUG 4 1975


                _____
                            Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an original proceeding before this Court which began as a petition for a writ of supervisory control. Upon ex parte presentation this Court ordered that petitioner refile the action seeking declaratory judgment and naming as parties the following: the Yellowstone County Jury Commission, the District Court of Yellowstone County and its three judges, the Montana Attorney General, and the Legislative Council. Additionally Montana's County Attorneys Association appeared as a respondent.

The action seeks an interpretation of Chapter 298, 1975 Session Laws (Senate Bill 161), which amends sections 93-1301 and 93-1402, R.C.M. 1947, providing for qualifications of jurors and method of selection. Answers, returns and briefs were filed and oral argument had.

Chapter 298 amended section 93-1301 to provide that a person is competent to act as a juror if that person is a registered elector whose name appears on the most recent list of all registered electors as prepared by the county registrar. Former requirements were repealed.

Chapter 298 amended section 93-1402 to provide that persons selected for jury duty will be taken from the most recent list of registered electors, rather than the last assessment roll.

The effective date of Chapter 298 was July 1, 1975.

The problem arises because section 93-1401, R.C.M. 1947, provides the jury commission of each county shall meet on the second Monday of December of each year, for the purpose of making a list of persons to serve as trial jurors for the ensuing year.

Since the effective date of July 1, 1975 applies, the argument is that between July 1, 1975 and December 8, 1975, there will be no list of eligible jurors. This argument presupposes that the list prepared in December 1974 is no longer valid. Then the

argument goes on that Article II, Section 24 of the 1972 Montana Constitution guarantees the right to a speedy public trial to an impartial jury; and thus between July 1 and December 8, 1975, no such trial could be had.

We hold that Chapter 298 is constitutional. We interpret Chapter 298 to mean that the various county jury selection commissions shall meet as soon as possible after July 1, to prepare new lists of eligible jurors from the current county voter registration lists to serve as jurors. This interpretation is made consistent with the intent of the legislature and in keeping with this Court's rule making power in matters of practice and procedure under Article VII, Section 2(3), Montana Constitution.

> "'It is both a common-law and a statutory rule of construction of statutes that the intention of the Legislature must be discovered, and, if possible, pursued.'" State v. Smith, 57 Mont. 563, 574, 190 P. 107 (1920).

> " * * * however, this Court is pledged to reconcile conflicting statutory provisions and make them operative in accordance with the legislative intent, insofar as it is possible to do so." Cottingham v. State Board of Examiners, 134 Mont. 1, 25, 328 P.2d 907 (1958).

> "Every presumption must be indulged in favor of the validity [of a statute], so as to make it operative, if feasible." Ex parte Naegele, 70 Mont. 129, 135, 224 P. 269 (1924); State ex rel. Keast v. Krieg, 145 Mont. 521, 402 P.2d 405 (1965).

> "And the law imposes a duty upon the judicial department to pursue the legislative intent so far as possible.

* * * It is our duty to reconcile the statutes, if possible, and make them operative." State ex rel. Ewald v. Certain Intoxicating Liquors, 71 Mont. 79, 83, 227 P. 472, (1924).

As expressed in the hearings record, the intent of the legislature in enacting Chapter 298 was to replace a jury selection system which it feared was constitutionally infirm.

All sections of what is now Chapter 14 of Title 93, Revised Codes of Montana, were originally enacted as part of the same act in 1895. Section 93-1401 provided the first meeting of the jury selection officers was to take place within ten days after the code took effect. The section also states that if the jury selection officers fail to meet on the day specified, they must meet as soon thereafter as practicable. This, it seems to us and we so hold, means that when a new and different system for juror qualifications is established--viz, registered voters as against assessment rolls--then the jury selection officers shall meet as soon as practicable to make the new list.

That this imposes a large chore on the jury selection officers in each of 56 counties is regrettable, but necessary.

It was suggested during oral argument that this Court would be legislating by supplying a meeting and selection date other than the 2nd Monday in December. If this be so, the Court clearly has that power as rule making power under Article VII, Section 2(3), 1972 Montana Constitution.

In State ex rel. Henningsen v. District Court, 136 Mont. 354, 348 P.2d 143, this Court approved the procedures whereby a clerical error in listing prospective jurors by the jury commission resulted in the necessity of including 15,000 additional names. The Court struck down the failure to insert the names in capsules, but approved the procedures correcting the jury lists

even though done long after the second Monday in December of the year 1958. While the Court requires substantial compliance with jury selection statutes; that is, no material deviations or departures are permitted, the date of selection of the list is not of such importance as to render the jury list unlawful or improper.

We hold then that county jury selection officers shall meet as soon as practicable to make a list of persons to serve as trial jurors for the remainder of 1975 from the most recent list of registered electors in the county and that Chapter 298, 1975 Montana Session Laws, does not violate Article II, Section 24, 1972 Montana Constitution.

This opinion shall constitute a declaratory judgment. A copy of this opinion shall be served upon the parties and a copy mailed by the clerk of this Court to the clerk of the district court of the 56 Montana counties.

_____Wesley Castles_____
Justice

We concur:

_____James T. Harrison_____
Chief Justice

_____Mark J. Haswell_____

_____Gene B. Daly_____

_____John Conway Harrison_____
Justices

- 5 -