The STATE OF MONTANA, ex rel. ANTHONY F. KEAST, and A. L. AINSWORTH, Relators and Respondents, v. RALPH A. KRIEG, Missoula County Assessor, and G. D. SHALLENBERGER, Chairman, and H. W. STOUTENBURG, and ARMAND J. LUCIER, Members of the Board of County Commissioners, Missoula County, Montana, Respondents and Appellants.

No. 10954.
Submitted May 13, 1965. Decided June 3, 1965.
402 P.2d 405.

(521)

Harold J. Pinsoneault, County Atty. (argued), Missoula, William A. Douglas (argued), Helena, for appellant.

Anthony F. Keast (argued), Missoula, for respondents.

Arthur Acher (argued), Helena, amicus curiae.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from orders denying a motion to quash a temporary injunction. The orders also denied a motion to dismiss the action.

The relators in the court below are respondents here and will be referred to as Taxpayers. The respondents below are appellants here and will be referred to collectively as the County or as Officials.

In the court below on March 24, 1965, the Taxpayers filed their petition, seeking a writ of injunction against the county assessor and the board of county commissioners to enjoin those officials from using valuation for tax purposes furnished by the Missoula County Reclassification Office in making up the 1965 tax assessment rolls.

A temporary restraining order and injunction pendente lite was issued the same day without notice reciting irreparable injury to the Taxpayers, and an order to show cause was issued returnable April 5, 1965.

On April 5, 1965, the County appeared by a motion to quash the temporary injunction and by a motion to dismiss the petition. Subsequent to hearing arguments and the submission of briefs by counsel, the court on April 6, 1965, filed an order, in part, as follows:

"ON MOTION OF RESPONDENTS TO QUASH TEMPORARY RESTRAINING ORDER AND TO DISMISS RELATORS' PETITION, said motion having been argued and briefed to the Court and being now submitted, and the Court being sufficiently advised to make ruling in the premises,

"IT IS ORDERED:

"1. The motion of Respondents, not only to quash but also to dismiss, and as to all points in said motion, IS DENIED;

"2. Hearing on Petition is set for 10:00 A. M., Wednesday, April 7, 1965, in the Law and Motion Courtroom of this Court,

"All contestants agreeing that immediate hearing is imperative, and counsel having advised the Court that they are prepared to go forward with proof by the hour and date named should counsel desire so to do.

"3. Counsel are ordered to adduce such testimony and other proof as they propose to offer to this Court on Relators' Petition, beginning at the hour and on the date and in the place above set forth."

On April 7, a further order was made re-emphasizing that the temporary restraining order was continued in force "until hearing on the merits."

The county filed notice of appeal April 8, 1965, from both the order of April 6th and of April 7th, as they refused to quash the temporary restraining order.

The Taxpayers' petition for an injunction was on three main grounds:

(1) That the 1957 classification and appraisal act, as is contained in R.C.M.1947, §§ 84-429.7 through 84-429.13 is unconstitutional.

(2) That an agreement or contract which the Board of County Commissioners entered into with a private appraisal firm was unconstitutional.

(3) That the Board of County Commissioners established an unconstitutional office when they appointed a reclassification officer to perform and keep current the reclassification and appraisals for the county.

Although briefs and argument of both parties are directed to many facets of law, we believe this appeal is controlled by one point. That is, may public officials be enjoined from doing their legal duty under circumstances set forth here?

R.C.M.1947, §§ 84-429.7 through 84-429.13 provide generally for classification of lands and the appraisal of city and town lots and rural and urban improvements for assessment and

taxation purposes. It defined the duties of the Boards of County Commissioners, County Assessors and the State Board of Equalization. It was aimed at systematic, uniform and equitable classification and valuations in all of the counties of the State. This is required by the Constitution. (See discussion in State Board of Equalization v. Koch, decided May 12, 1965, 145 Mont. 474, 401 P.2d 765.

The petition, after establishing the status of petitioners as taxpayers and the county officials as officials alleged that the Commissioners contracted with a private appraisal group to classify and appraise real property and to pay $57,300.00 for the services. Also, that subsequent thereto the Commissioners appointed a Reclassification Officer and established an office. Then, the Commissioners directed the assessor to use the valuations furnished by the Classification Officer, which had, in turn, received the classifications and appraisals from the private contracting agency.

Then the petition alleged another action pending before a different judge by one of the same petitioners in which a declaratory judgment was sought on each of the grounds alleged here. Such action had not been adjudicated. That action had to do with the 1964 assessment rolls.

Now, it is alleged that the 1965 assessment rolls are being considered as before mentioned.

Then the petitioners allege that they will be "subjected to discrimination and will accordingly suffer great and irreparable injury, when reference is had to taxation of their respective property."

The foregoing is the total allegation concerning irreparable injury.

We direct our attention to the narrow problem of enjoining public officials. We are not here concerned with the ruling on the motion to dismiss.

First of all, the Taxpayers, respondents here, move to

dismiss the appeal on the ground that the orders appealed from are not appealable orders under R.C.M.1947, § 93-8003.

Subdivision 2 of section 93-8003 provides:

"93-8003. *From what judgment or order an appeal may be taken.* * * *

"2. From an order granting a new trial; or granting or dissolving an injunction; or refusing to grant or dissolve an injunction * * *."

Both the respondent taxpayers and the County urge that Guardian Life Ins. v. State Board of Equal., 134 Mont. 526, 529, 335 P.2d 310, 311, is in point. We agree. In that case this court said:

"The question presented by the motion is whether a restraining order is an order 'granting an injunction' and whether an order refusing to dissolve a restraining order is appealable within the meaning of section 93-8003 which permits an appeal from an order 'granting an injunction' and from an order 'refusing to dissolve an injunction.' That a restraining order is an injunction in a certain sense cannot be questioned. But is it an injunction within the meaning of section 93-8003?

"This court answered in the negative in Wetzstein v. Boston & M. Consol. Copper & Silver Min. Co., 25 Mont. 135, 63 P. 1043, 1044. The court distinguished between a restraining order and an injunction by saying: 'A restraining order is distinguishable from an injunction, in that a restraining order is intended only as a restraint upon the defendant until the propriety of the granting of an injunction, temporary or perpetual, can be determined, and it does no more than restrain the proceedings until such determination. Such an order is' limited in its operation, and extends only to such reasonable time as may be necessary to have a hearing on an order to show cause why an injunction should not issue. [Citing cases.]'

"Here the order was limited to a reasonable time. In fact

the order to show cause was returnable the very day that defendants noticed for hearing their motion to dissolve.

"The ruling in the Wetzstein case was followed in Maloney v. King, 25 Mont. 256, 64 P. 668; State ex rel. Rankin v. Martin, 65 Mont. 323, 211 P. 210; Pack v. Carter, 9 Cir., 1915, 223 F. 638, and recognized as sound in State ex rel. Public Service Commission v. District Court, 103 Mont. 563, 63 P.2d 1032.

"The case was cited with apparent approval of the distinction between a restraining order and an injunction, temporary or permanent, in Sheridan County Electric Co-Op v. Ferguson, 124 Mont. 543, 227 P.2d 597, an opinion written by Mr. Chief Justice Adair.

"The Wetzstein case was decided in 1901. Since that time section 93-8003 has been amended twice by the legislature, but no effort was made to change it so far as it was affected by that decision. If the legislature was not satisfied with the interpretation of the statute as made in the Wetzstein case, it certainly would have changed the statute so as to authorize appeals from restraining orders.

"The case of Labbitt v. Bunston, 80 Mont. 293, 260 P. 727, at first reading may seem to take a view contrary to that of the Wetzstein case, but such is not the fact. In that case the court drew a distinction between the Wetzstein case and the case before the court on the ground that in the Labbitt case the hearing on the motion to dissolve was tantamount to a hearing on the order to show cause. The court stated at page 302 of 80 Mont. at page 731 of 260 P.

" 'Where the matter is heard upon an order to show cause, the right to a temporary injunction is "adjudicated" by the decision rendered after the hearing (Winnett Pacific Oil Co. v. Wilson, above [71 Mont. 250, 229 P. 850]; so here, as the motion to dissolve presented the question of plaintiff's right to the restraining order, and *the decision on the motion was equivalent to decision on the hearing on the order to show cause and rendered such a hearing needless, the order of September 24th*

*was an "adjudication" of the plaintiff's right to an injunction pendente lite and an order refusing to dissolve an injunction, from which an appeal lies under section 9731* [Rev. Codes 1921, now R.C.M.1947, § 93-8003], above, and it is so declared by Mr. Justice Hunt, speaking for this court in Bennett Bros. Co. v. Congdon, 20 Mont. 208, 50 P. 556, which decision is referred to in the Wetzstein opinion, but therein the distinction between an appeal from a restraining order and from an order refusing to dissolve such injunction is not noted.' " Emphasis supplied.

The italicized portion above is what applies here since it is clear from the orders of April 6 and 7 that, "said motion having been argued and briefed to the Court and being now submitted and the Court being sufficiently advised to make ruling in the premises" the Court made an "adjudication of the plaintiff's right to an injunction pendente lite."

■■ Equally clear here is that an injunction, temporary though it may be, against public officials doing a duty enjoined upon them by law must be based, if at all, upon irreparable injury to the petitioner and upon a clear showing of illegality. Here the attack is in the main on the constitutionality of the Act under which the officials are acting. The presumption is, of course, that the statutes are constitutional. (Billings Properties Inc. v. Yellowstone County, 144 Mont. 25, 394 P.2d 182.)

We discussed the problem of "irreparable injury" in Holtz v. Babcock, 143 Mont. 341, 379, 390 P.2d 801, 805, as follows:

"Since appellant now admits that the Aeronautics Commission may purchase an airplane what irreparable injury can he suffer by the purchase of one? Quite obviously, none. Suffering no injury where does his interest arise to maintain this suit?

"His only interest as set forth in his complaint is that of a citizen, resident, property owner, taxpayer, owner and operator of an airplane and as such, purchaser and user of gasoline upon which is collected the state license tax of which one cent per gallon is placed in the state aviation fund.

"In Chovanak v. Matthews, 120 Mont. 520, 188 P.2d 582, we stated:

" 'The interest shown by appellant is only his interest as a citizen, elector, taxpayer and resident of Lewis and Clark County. This is the same interest that the other citizens, electors, taxpayers, and residents of the county have in the matter, and it is not such interest as is permitted to invoke the exercise of the judicial power of determining whether an Act of the legislature is violative of the Constitution.

" 'It is held in Montana, as it is held by the United States Supreme Court, and by courts throughout the nation, that a showing only of such interest in the subject of the suit as the public generally has is not sufficient to warrant the exercise of judicial power. [Citing cases.]'

"We quoted extensively from State ex rel. Mitchell v. District Court, 128 Mont. 325, 275 P.2d 642, in our opinion and we repeat this portion: ' "*As a general rule, private citizens may not restrain official acts when they fail to allege and prove damage to themselves different in character from that sustained by the public generally.*" [28 Am.Jur. (1940) Injunctions]' (Emphasis ours.)"

In the instant case, even though the district judge found irreparable injury, there simply was none shown by the petition, and under R.C.M.1947, § 93-4206, such a temporary injunction should not have issued without notice and should have been quashed.

However, we do not stand on that alone. R.C.M.1947, § 93-4203, so far as pertinent, declares that:

"An injunction cannot be granted: * * *

"(4) To prevent the execution of a public statute, by officers of the law, for the public benefit, * * *."

As set forth previously, the county officials were executing a public statute for the public benefit. R.C.M.1947, § 84-4505, provides for injunction (1) where the tax, or the part thereof sought to be enjoined, is illegal, or is not authorized by law.

But, the instant case does not involve a tax as such, but rather the valuation and assessment process. In Blair v. Potter, 132 Mont. 176, 182, 315 P.2d 177, 182, this court discussed the various administrative remedies afforded a taxpayer whose valuations have been increased. The court noted R.C.M.1947, § 84-4504, and other statutory and constitutional provisions and stated:

"It is apparent * * * that the legislature has provided a comprehensive administrative procedure to protect the rights of the taxpayer and assure him of his day in court in all such disputes wherein the taxpayer feels aggrieved at the assessment of his property by the assessor, and wherein as here, the taxpayer believes such assessment is excessive, erroneous, or improper."

Thus, since it is apparent that the law can furnish all the relief to which the complainant is entitled, the injunction should be refused. Here the petition set forth, as related before, another action before a different judge seeking declaratory judgments of the identical issues. Additionally, the taxpayers have not sought any of the administrative remedies noted above.

In the instant case, considering as we do the motion to quash, the trial court was in error in not quashing the injunction. Therefore the order of the district court is reversed insofar as it continued an injunction, and the matter returned for further proceedings.

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE and JOHN C. HARRISON concur.