No. 12809

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

J. EINAR LARSON, et al.,

Plaintiffs,

-vs-

THE STATE OF MONTANA and THE
DEPARTMENT OF REVENUE, et al.,

Defendants.

---

Appeal from: District Court of the First Judicial District,
Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

For Plaintiffs:

R. Bruce McGinnis appeared, Helena, Montana
Randall Swanberg argued, Great Falls, Montana

For Defendants:
WILLIAM A. SCRIBNER, ARgued.
Scribner and Huss, Helena, Montana
Lawrence D. Huss argued, Helena, Montana
Thomas Dowling, County Attorney, Helena, Montana
Leif B. Erickson, Deputy County Attorney appeared,
Helena, Montana
William Leaphart, City Attorney, Helena, Montana

---

Submitted March 3, 1975

Decided: APR 2 4 1975

Filed: APR 2 4 1975

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This appeal is by defendants from a declaratory judgment and injunction entered against them in the district court, Lewis and Clark County. Defendants (hereinafter referred to as the state) are agencies and individuals responsible for the appraisal of property in Lewis and Clark County for taxation purposes. Plaintiffs (hereinafter referred to as taxpayers ) are owners of real property in Lewis and Clark County, and Helena Property Owners Association, a corporation. Taxpayers brought this suit as a class action, representing themselves and all other owners of real property in Lewis and Clark County subject to taxation computed upon valuations as appraised by the state. Lewis and Clark County and the City of Helena appeared as intervenors, supporting the taxpayers' position.

As is the practice in many parts of the country, Montana taxes real property and improvements by an appraisal-assessment-levy method. This lawsuit involves the first of these steps -- the appraisal. Prior to 1972, the last county-wide appraisal in Lewis and Clark County was one completed in 1962. At the urging of the State Board of Equalization (predecessor to the Department of Revenue, a defendant here), Lewis and Clark County hired a private firm, James R. Laird & Associates, to conduct a county-wide appraisal in 1972-1973. However, before Lewis and Clark County could use that appraisal to adjust its tax rolls, statutory and constitutional changes shifted responsibility for appraisals to the state. Section 84-429.7, R.C.M. 1947; Article VIII, Section 3, 1972 Montana Constitution.

When the state assumed these new responsibilities, it was determined the Laird appraisal would be used for 1974 Lewis and Clark County assessments. Notice of this proposed action prompted the taxpayers to file this suit, seeking a declaration

that implementation of the Laird appraisal would violate con-
stitutional and statutory limitations on the state's power to
tax. The state here appeals from the district court's declar-
ation that the proposed use of the Laird appraisal would vio-
late equal protection, due process, and uniformity requirements
of the United States and Montana Constitutions, and Montana
statutes. The district court enjoined use of the appraisal on
these grounds, and the state also appeals from that ruling.

These issues are presented for this Court's determin-
ation:

1. Would implementation of the Laird appraisal violate
constitutional and statutory limitations on the state's power to
appraise and tax?

2. Must the taxpayers exhaust their administrative
remedies before protesting the appraisal in the courts?

3. Did the district court err in granting injunctive
relief?

4. Is the judgment supported by substantial evidence?

5. Should taxpayers' motion to strike portions of the
state's appellate brief be granted?

However, before considering these issues, two factual
disputes must necessarily be resolved.

First, the state alleges the following findings of fact
are contrary to the evidence presented at the trial:

"XIII.

"The reappraisal of property lying within Lewis
and Clark County conducted by James R. Laird &
Associates and adopted by the defendant DEPARTMENT
OF REVENUE and its officers, agents and employees
for the fiscal year 1974-1975 was not conducted
as a part of a uniform plan for reappraisal of all
property within the State of Montana.

"XIV.

"The defendant DEPARTMENT OF REVENUE has not
adopted or implemented a uniform plan for the

- 3 -

appraisal, assessment and equalization of all property within the State of Montana."

While a factual dispute concerning the existence and implementation of a uniform plan is presented by the record, we find ample evidence supporting the quoted findings. For example, the administrator of the property valuation department of the Department of Revenue was called as an adverse witness by the taxpayers. He testified that, to his knowledge, there was no state-wide plan for reappraisal at the time of the Laird appraisal. He further testified that, although some plans have since been formulated, none would employ the same methods used by James R. Laird & Associates. A review of the record finds this testimony to be uncontradicted, and certainly adequate to support the quoted findings of fact.

Second, is the comparison of appraisals between properties in Lewis and Clark County and other counties. The district court found:

"VIII.

"The appraised value of rural and urban improvements for property lying within Lewis and Clark County for the fiscal year 1973-74 were as high or higher than the appraised value of similar properties lying in comparable counties outside of Lewis and Clark County for the same period of time."

"XI.

"The reappraisal of property lying within Lewis and Clark County conducted by James R. Laird & Associates and adopted by the defendant DEPARTMENT OF REVENUE and its officers, agents and employees for implementation for the fiscal year 1974-75 has resulted in property within Lewis and Clark County being appraised substantially higher than similar property in comparable counties outside of Lewis and Clark County."

Again, the state argues the quoted findings are contrary to the evidence presented at the trial and, again, we disagree. Taxpayers called an expert who, after being duly qualified and, after laying the proper foundation, formed

similar conclusions on the basis of his investigations. The state called an expert who drew different conclusions on the basis of his own investigation. This Court has held on numerous occasions--the trier of fact is best situated to determine the credibility of witnesses and weigh their testimony. For a recent discussion of the applicable principles see Holenstein v. Andrews, ____Mont.____, 530 P.2d 476, 32 St.Rep. 41. The testimony of the taxpayers' expert here is sufficient to support the quoted findings of fact.

Accepting as facts the absence of a state-wide appraisal plan and the disproportionate appraisal made on Lewis and Clark property, we turn to the legal questions presented. The district court concluded that the adoption of the Laird appraisal would require taxpayers to bear a disproportionate share of Montana's tax burden, in violation of the equal protection requirements of the Fourteenth Amendment to the United States Constitution and Article II, Section 4, 1972 Montana Constitution. The use of the appraisal was also found to violate the due process requirements of the Fifth and Fourteenth Amendments to the United States Constitution and Article II, Sections 17 and 29, 1972 Montana Constitution. Finally, the district court found the appraisal violated the provisions of Title 84, Chapter 4, R.C.M. 1947, which requires general and uniform appraisal, assessment and equalization of all taxable property in the state.

In bringing this appeal, the state challenges all of these conclusions of law. We will not discuss the United States Constitutional questions in this opinion, since the appeal can be decided on the basis of Montana's Constitution and statutes.

Section 84-429.12, R.C.M. 1947, provides in pertinent part:

"It is hereby made the duty of the state

- 5 -

department of revenue to implement the provisions of this act by providing:

" * * *

"2. For a general and uniform method of appraising city and town lots.

"3. For a general and uniform method of appraising rural and urban improvements."

A "general and uniform method of appraising" necessarily requires that each appraisal or reappraisal must be part of a plan which provides that all similar properties will be valued in a like manner. The plain meaning of the statutory language admits of no other interpretation. The absence of such a plan, as discussed earlier in this opinion, thus prevents lawful implementation of the Laird appraisal.

Article II, Sections 4 and 17, 1972 Montana Constitution compel the same result. These sections guarantee equal protection and due process to the taxpayers aggrieved here. The Laird appraisal was found to increase Lewis and Clark County taxable valuations to a level in excess of valuations of similar property in other counties. The obvious result, and that found by the district court, is a disproportionate share of the tax burden placed upon Lewis and Clark County taxpayers.

We find the violations of the cited constitutional provisions are patent. However, since it has already been established that use of the appraisal was unlawful under the statute cited, we will not lengthen this opinion with a complete discussion of these constitutional violations. Authorities are in accord, holding that violations of statutory uniformity requirements generally result in violations of equal protection-due process requirements. 71 Am Jur 2d, State and Local Taxation, §158, and cases footnoted there. In so holding, we are aware of the abundance of authority which finds no violation of constitutional or statutory mandates in the temporary inequalities which accompany

a cyclical plan of reappraisal. An excellent discussion of applicable law in this regard is found in Hillock v. Bade, 22 Ariz.App. 46, 523 P.2d 97, and in the Annotation, 76 ALR2d 1077.

Here, the fatal flaw in the state's position is the absence of any plan. Without such a plan, there is no assurance of uniformity of appraisal method or of sequential selection of property for reappraisal. The state's position is even weaker than that of the taxing officials in Sparks v. McCluskey, 84 Ariz. 283, 327 P.2d 295, 297, where the Arizona court held:

> "We cannot subscribe to the proposition that grossly inequal values by the use of a specific method of assessment may be placed on a small portion of a class of property and remain subject to the disproportionately excessive value for an indefinite number of years in the future until the taxing officials can get around to using the same method upon the other like properties."

It is clear the state's proposed implementation of the Laird appraisal is prohibited by Montana constitutional and statutory provisions. In so holding, we do not prohibit the use of cyclical plans of reappraisal, nor do we hold that such a plan could not begin with a reappraisal of the property in Lewis and Clark County. The state has the legal authority to determine the order of reappraisal. We hold only that the state's determinations must be a part of a general and uniform plan for reappraising all like property in the state.

The state also contends the taxpayers should have been required to exhaust their statutory, administrative remedies before bringing this challenge in the courts. The procedure suggested would require hearings before the county tax appeal board (section 84-603, R.C.M. 1947) with a subsequent appeal, if unsuccessful, before the state tax appeal board (section 84-709, R.C.M. 1947).

In an early construction of these statutes (which have

since been amended in respects not relevant here), this Court held, in Belknap Realty Co. v. Simineo, 67 Mont. 359, 365, 215 P. 659:

> "The statutes having made ample provision whereby a taxpayer may have any alleged excessive or erroneous assessment or valuation of his property reviewed by the county and state boards of equalization, this remedy is exclusive except in cases where fraud or the adoption of a fundamentally wrong principle of assessment is shown." (Emphasis supplied.)

The state's use of an unconstitutional and illegal appraisal here is the type of "fundamentally wrong principle" of appraisal for which specific exception was made in Belknap. Were it otherwise, we would have the anomalous situation of an administrative, quasi-judicial board passing on constitutional and statutory questions presented by this appeal.

Tax appeal boards are particularly suited for settling disputes over the appropriate valuation of a given piece of property or a particular improvement, and the judiciary cannot properly interfere with that function. Blair v. Potter, 132 Mont. 176, 315 P.2d 177. The instant case does not concern the value of a specific tract of land within Lewis and Clark County, but rather the constitutional and statutory correctness of implementing a discriminatory reappraisal. That determination is an appropriate function of the courts.

In Conrad v. Managhan, 157 Mont. 335, 485 P.2d 948, this Court noted that when a taxing authority lacks the statutory power to increase appraisals, an aggrieved taxpayer may seek equitable relief in the courts. Conrad speaks both to the administrative remedy issue and the injunctive relief issue raised by the state in the instant case. The state was outside its statutory authority in attempting to implement the Laird appraisal. Under these facts, taxpayers may proceed in the courts to seek injunctive relief.

However, the state argues section 93-4203(4), R.C.M. 1947, prohibits issuance of an injunction preventing execution of public statutes by public officers, and that the district court here ignored that limitation on its equitable powers. While the cited section does prohibit enjoining the execution of statutory duties, section 84-4505, R.C.M. 1947, provides for an injunction where the tax, or a part thereof sought to be enjoined, is illegal or unauthorized by law. Heretofore, we held implementation of the Laird appraisal would be illegal and unauthorized. The suggested distinction between the statutory use of the word "tax" and the operative fact of an "appraisal" here is without substance. The Laird appraisal would have been used as the basis for computation of taxes.

This Court's refusal to recognize this distinction is admittedly contrary to dicta contained in State ex rel. Keast v. Krieg, 145 Mont. 521, 402 P.2d 405. In Keast, an injunction prohibiting utilization of a certain valuation for tax purposes was quashed. The injunction had been issued without notice, and plaintiffs had shown no irreparable injury. Those grounds, in themselves, were sufficient to support quashing the injunction, and the Court expressly recognized that fact. Nonetheless, it went on to find the injunction was also banned by section 93-4203, R.C.M. 1947. For reasons heretofore stated, that holding is expressly overruled.

The preferable law is enunciated in Hames v. City of Polson, 123 Mont. 469, 479, 215 P.2d 950, where it was held:

> " * * * public bodies and public officers may
> be restrained by injunction from proceeding in
> violation of the law, to the prejudice of the
> public, or to the injury of individual rights
> * * * ."

The propriety of injunctive relief is also recognized by Montana's statute governing payment of taxes under protest. Section 84-4504,

R.C.M. 1947, provides:

> "The remedy hereby provided shall supersede
> the remedy of injunction and all other remedies
> which might be invoked to prevent the collection
> of taxes or licenses alleged to be irregularly
> levied or demanded, except in unusual cases
> where the remedy provided is deemed by the court
> to be inadequate." (Emphasis supplied.)

The intent of the Legislature to provide for the retention of equitable remedies in taxation cases where statutory remedies prove inadequate is evident. To hold that equitable remedies are not available for halting unconstitutional and illegal appraisals would produce the strange result of prohibiting enjoining utilization of an illegal appraisal while allowing the enjoining of levies computed upon that appraisal. Section 84-4505, R.C.M. 1947. We will not so hold.

The facts discussed throughout this opinion sufficiently answer the state's contention that the evidence does not support the district court's judgment. The implementation of the Laird appraisal fails because there is substantial evidence that it was not a part of a general and uniform, state-wide plan. We cannot approve use of an appraisal which would result in a discriminatory, disproportionate tax burden on Lewis and Clark County taxpayers, when the appraisal suffers the deficiencies already noted.

Finally, the taxpayers' motion that portions of the state's appellate brief should be stricken will not be considered. Since our decision holds in favor of the taxpayers, they have not been prejudiced by the materials in the state's brief--whether properly included therein or not.

The judgment of the district court is affirmed.

_____
Justice

- 10 -

We concur:

_____
Chief Justice

_____

_____
Justices

- 11 -