No. 13758

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

THE UNITED STATES NATIONAL BANK OF
RED LODGE, FARMERS CITIZENS BANK OF
WORDEN, and FIRST CITIZENS BANK OF
BILLINGS, MONTANA,

                       Plaintiffs and Appellants,

-vs-

MONTANA DEPARTMENT OF REVENUE et al.,

                       Defendants and Respondents.

---

Appeal from: District Court of the Thirteenth Judicial District,
              Honorable Robert Wilson, Judge presiding.

Counsel of Record:

    For Appellants:

        Berger, Anderson, Sinclair and Murphy, Billings,
         Montana
        Chris Nelson argued, Billings, Montana
        Robert F. Conwell, Red Lodge, Montana

    For Respondents:

        Harold Hanser, County Attorney, Billings, Montana
        R. Bruce McGinnis argued, Helena, Montana

---

                    Submitted:  November 29, 1977

                    Decided: DEC 30 1977

Filed: DEC 30 1977

*Thomas J. Kearney*
                           Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

Appellants appeal from orders of the District Courts of Yellowstone and Carbon Counties granting respondents' motions to dismiss.

In January, 1977, appellants, The United States National Bank of Red Lodge, Farmers State Bank of Worden, Montana, and First Citizens Bank of Billings, Montana, filed virtually identical complaints in the District Courts of Yellowstone and Carbon Counties. In their complaints appellants alleged that they are banking corporations engaged in the banking business in the State of Montana; that appellants at all times material to the complaint were owners of United States obligations within the meaning of 31 U.S.C. §742 (1970); that, for the taxable year 1976, respondent Montana Department of Revenue determined the assessed value of appellants' shares of stock without allowance of a deduction for the value of the United States obligations held by appellants during the taxable year 1976; that appellants timely paid taxes on the total assessed value of its stock under written protest; that the assessment and taxation of appellants' shares of stock, without allowance of a deduction from assessed value equal to the value of appellants' United States obligations for the taxable year 1976, is an unlawful tax in violation of 31 U.S.C. §742 (1970). Appellants in their complaints asked for a finding that the 1976 property taxes on their shares of stock were illegal, and requested a refund of the taxes paid on the shares.

Respondents filed Rule 12(b)(1), M.R.Civ.P., motions to dismiss appellants' complaints, alleging that the District Courts lacked jurisdiction over the subject matter of the cases. In its briefs in support of the motions to dismiss, respondent Montana Department of Revenue (hereinafter referred to as "the Department")

asserted that appellants' complaints concerned the valuation of the banks' shares, and as such, appellants were required by Title 84, Chapters 6 and 7, R.C.M. 1947, to appeal to the county and state tax appeal boards. The Department contended that appeal to the tax appeal boards was a condition precedent to taxpayer appeal on a valuation issue to the District Courts. Since appellants did not first appeal these cases to the tax appeal boards, the Department concluded that appellants had failed to exhaust their administrative remedies and that the District Courts therefore lacked subject matter jurisdiction in these cases. It is from the District Courts' orders granting the Department's motions to dismiss that appellants appeal.

The sole issue on appeal is whether the District Courts erred in granting the Department's motions to dismiss.

We first note that the District Court orders granting the motions to dismiss were appealable orders. Section 84-603, R.C.M. 1947, as it was in effect in 1976, required that appeals to the county tax appeal boards be made on or before the third Monday of July in the year in which the property was assessed. Since the section 84-603 statute of limitations for 1976 appraisals has long since passed, " * * * the practical effect of the district court's order is to leave appellant without opportunity for further judicial relief, just as if judgment had been rendered against him. Therefore, the order * * * is properly before this Court on appeal." Hasbrouck v. Krsul (1975), 168 Mont. 270, 272, 541 P.2d 1197.

In reviewing the propriety of an order granting a motion to dismiss, we repeat the oft-quoted rule that " * * * the allegations of the complaint must be viewed in a light most favorable to plaintiffs, admitting and accepting as true all facts well-pleaded." Board of Equalization v. Farmers Union Grain Terminal Assoc. (1962), 140 Mont. 523, 531, 374 P.2d 231. Admitting and accepting as true

-3-

all facts well-pleaded in appellants' complaints, the District Courts in this case did indeed have subject matter jurisdiction, and the Department's Rule 12(b)(1) motions to dismiss were therefore improperly granted. Appellants, in their complaints, alleged that the Department had illegally taxed appellants' United States obligations, in violation of 31 U.S.C. §742 (1970), which provides:

> "All stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority * * *."

The allegations of the complaints thus raised a question as to the legality of the tax imposed, and did not put into issue any question of valuation. Where the issue is one of an illegal taxation, the courts, and not the tax appeal boards, have original jurisdiction to hear the case, under the rule of Larson v. State (1975), 166 Mont. 449, 534 P.2d 854.

In Larson, as in this case, the Department contended that the taxpayers should have been required to exhaust their statutory, administrative remedies of appeal to the tax appeal boards before bringing a court action. This Court held in Larson, however, that where a case does not concern a property tax valuation, but rather the state's use of an unconstitutional and illegal appraisal, the determination is an appropriate function of the courts. Larson v. State, 166 Mont. at 456-57. The legality of a taxation, the issue raised by appellants in their complaints, like the unconstitutional and illegal appraisal issue in Larson, is an issue for the courts and not for the tax appeal boards.

Respondents contend that the Department is making no attempt to tax the federal obligation of the banks. The question is, then, whether the value of the banks' federal obligations are contained in its capital, surplus, or undivided profits. The banks are claiming it is and should be deducted. The Department contends this is a question of valuation and properly presentable to the county tax appeal board for its determination.

-4-

It is entirely possible the Department's interpretation of the facts may later prove to be correct. If in subsequent proceedings the Department proves that this case involves an issue of valuation rather than imposition of an illegal tax, appellants would be barred from court for failure to first exhaust their administrative remedies of appeal to the tax appeal boards, as required by Title 84, Chapters 6 and 7, R.C.M. 1947. By submitting documentary evidence, the Department may be able to prove that they did not tax appellants' United States obligations, but merely valued the banks' shares; the Department might then be entitled to summary judgment pursuant to Rule 56, M.R.Civ.P. By introducing testimony or documentary evidence at trial, the Department might likewise prove that this case involves a tax valuation and not an illegal taxation. These considerations, however, are irrelevant to our inquiry at this stage of the proceedings. The only relevant inquiry in reviewing a District Court order granting a Rule 12(b)(1) motion to dismiss is whether the complaint, standing alone, sets forth facts which, if true, vest the District Court with subject matter jurisdiction. The complaints, alleging an illegal tax, give the District Court subject matter jurisdiction. The Department may not, simply by making allegations refuting the contentions in appellants' complaints, be granted their motions to dismiss.

As this Court stated in Harrington v. Holiday Rambler Corp. (1974), 165 Mont. 32, 35, 37, 525 P.2d 556:

> "The underlying issue is whether the denial of jurisdiction, i.e. defendant's affidavit, overcomes the allegations of the complaint. We find it does not and hold that dismissal of plaintiffs' complaint on that ground was premature.
>
> " * * *
>
> "The most troublesome aspect here is that defendant was permitted simply to say 'Nay' upon affidavit and thereby prevent plaintiffs from having their day in court. * * * "

The District Courts' orders granting the Department's motions to dismiss are reversed, and the cases are remanded for further proceedings consistent with this opinion.

_____
Chief Justice

We Concur:

_____

_____

_____

_____
Justices