No. 86-382

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

CLAYTON E. DEVOE,

        Petitioner and Appellant,

-vs-

MISSOULA COUNTY; FERN HART; THE
MISSOULA COUNTY TREASURER; and THE
DEPARTMENT OF REVENUE OF THE STATE
OF MONTANA,

        Respondents and Respondents.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

David Rodli, Missoula, Montana

For Respondent:

Robert L. Deschamps, III, County Attorney, Missoula,
Montana; Michael Sehestedt, Deputy County Attorney
Larry G. Schuster, Dept. of Revenue, Helena, Montana

Submitted on Briefs: Nov. 25, 1986

Decided: April 14, 1987

Filed: APR 14 1987

*Ethel M. Harrison*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Clayton Devoe appeals a Missoula County District Court order granting the defendant Department of Revenue's (DOR) motion to dismiss Devoe's complaint. The dispositive issue on appeal is whether the District Court correctly ruled that appellant must exhaust his administrative remedies prior to initiating suit in district court. We affirm.

In January 1986, appellant filed a complaint in Missoula County District Court contesting the 1985 state property tax appraisal of two parcels of real property. Appellant also attacked the valuation method as discriminatory and unconstitutional. At the time he filed that complaint, Devoe was also the appellant in another property tax appeal pending before the Missoula County District Court. That appeal sought judicial review of a State Tax Appeal Board decision regarding property valuations on the same two properties for the tax years 1980, 1981, 1982 and 1984. Devoe properly exhausted his administrative remedies for the tax years 1980, 1981, 1982 and 1984. He concedes that he did not appeal his 1985 property tax appraisal to the appropriate administrative boards prior to filing the instant complaint in district court. Appellant argues that because he exhausted his administrative remedies for 1980, 1981, 1982 and 1984 and because he attacks the 1985 tax assessment on the same grounds as he attacks the other assessments, that he has, in effect, exhausted his administrative remedies for 1985.

In February 1986, the respondent DOR filed a motion to dismiss arguing that appellant had failed to exhaust his administrative remedies for the year 1985. In April 1986, appellant moved to consolidate the instant case with his action involving the years 1980, 1981, 1982 and 1984. In

June 1986, the Missoula County District Court issued its order granting the DOR's motion to dismiss the complaint. The dismissal was based upon appellant's failure to exhaust his administrative remedies for 1985. This appeal followed.

The standard of review is clear.

> In reviewing the propriety of an order granting a motion to dismiss, we repeat the oft-quoted rule that ". . . the allegations of the complaint must be viewed in a light most favorable to plaintiffs, admitting and accepting as true all facts well-pleaded."

U. S. Nat. Bank of Red Lodge v. Mont. Dept. of Rev. (1977), 175 Mont. 205, 207, 573 P.2d 188, 190, quoting Board of Equalization v. Farmers Union Grain Terminal Assoc. (1962), 140 Mont. 523, 531, 374 P.2d 231, 236.

We first address a preliminary assertion of appellant. He asserts that he could not properly invoke the administrative process under § 15-15-102, MCA, to attack the 1985 tax appraisal because he did not receive a notice of that appraisal. Section 15-15-102, MCA, provides in part:

> No reduction may be made in the valuation of property unless the party affected or his agent makes and files with the county tax appeal board on or before the first Monday in June <u>or 15 days</u> after <u>receiving a notice</u> of classification and appraisal from the department of revenue, <u>whichever is later</u>, a written application therefor. (Emphasis added.)

Appellant claims that because he did not receive a 1985 notice of appraisal, he could never reach the § 15-15-102, MCA, deadline for filing an application. Appellant theorizes that the DOR did not send him a 1985 notice because § 15-7-102(1), MCA, allows the DOR to not send a notice of appraisal if, since the previous year, the land's status has

3

not changed with respect to certain criteria, including ownership, classification and valuation.

Appellant's allegations as to a lack of notice are not properly before this Court. Appellant's complaint makes no mention of a lack of notice and the record does not show that the District Court was ever aware of appellant's allegation on this point. The court made no finding of fact relating to a lack of notice. Indeed, appellant's reply brief admits that he did not realize that he had not received a notice until after he had filed the notice of this appeal. Thus, we do not consider this allegation nor what effect, if any, the allegation, if true, would have in this case.

Appellant's complaint (1) alleged that he had paid his 1985 property taxes under protest; (2) requested a refund of those taxes; and (3) requested that the appraised value of his real property be set at a specific, lower value. Section 15-1-402, MCA, allows a taxpayer to pay his taxes under protest and recover the amount protested if his challenge is successful. That statute allows a taxpayer to file an action in court to recover taxes paid under protest _after the taxpayer has exhausted the administrative appeals available under Title 15, chapters 2 and 15._ The complaint does not allege that appellant exhausted his administrative appeals available under Title 15, chapters 2 and 15. Therefore, the District Court properly granted respondent's motion to dismiss. We note that under § 15-1-406, MCA, appellant could have filed a declaratory judgment action directly in District Court to challenge the legality of the tax. Apparently, he chose not to do so.

Appellant contends that by exhausting his administrative remedies for the years 1980, 1981, 1982 and 1984 he had effectively exhausted his administrative appeal for 1985. He argues that this is so because the basis of his appeal is the

same for all five years. In Eagle Communications v. Treas. of Flathead Cty. (Mont. 1984), 685 P.2d 912, 41 St.Rep. 1303, this Court stated that a taxpayer must follow the conditions contained in the refund statute for every year for which he seeks a refund. The refund statute involved in Eagle Communications is the predecessor statute to the refund statute, § 15-1-402, MCA, involved here. The rule cited in Eagle Communications, 685 P.2d at 917, still applies:

> Where a right of action and the conditions for bringing the action are contained within the same statute, compliance with those conditions is a condition precedent which must be fulfilled to preserve the right. (Citation omitted.)

Appellant did not comply with the § 15-1-402, MCA, statutory conditions for bringing suit and, therefore, the motion to dismiss was properly granted.

Appellant, citing Larson v. State (1975), 166 Mont. 449, 534 P.2d 854, argues that his complaint comes within an exception to the exhaustion of remedies rule. Addressing the exhaustion of administrative remedies in a tax appeal case, the Larson court quoted Belknap Realty Co. v. Simineo (1923), 67 Mont. 359, 365, 215 P. 659, 662:

> "The statutes having made ample provision whereby a taxpayer may have any alleged excessive or erroneous assessment or valuation of his property reviewed by the county and state boards of equalization, this remedy is exclusive except in cases where fraud or the adoption of a fundamentally wrong principle of assessment is shown."

Larson, 534 P.2d at 858. Appellant argues that his complaint alleges a fundamentally wrong principle of assessment so as to come within the exception. The complaint does allege that the method of assessment was discriminatory, illegal and

5

unconstitutional. However, it is clear that the principal thrust of the complaint is aimed at the _amount_ of valuation and not the method of valuation. In such a case,

> [t]ax appeal boards are particularly suited for settling disputes over the appropriate valuation of a given piece of property or a particular improvement, and the judiciary cannot properly interfere with that function.

_Larson_, 534 P.2d at 858. Therefore, we hold that the complaint does not come within the exception to the exhaustion of remedies general rule.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

6