No. 90-028

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

HEDDEN-EMPIRE LIMITED PARTNERSHIP,

     Plaintiff and Appellant,

-v-

DEPARTMENT OF REVENUE, STATE OF MONTANA,
YELLOWSTONE COUNTY, and COUNTY TREASURER
OF YELLOWSTONE COUNTY.

     Defendants and Respondents.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Charles E. Snyder, Billings, Montana

     For Respondent:

     Larry G.Schuster, Department of Revenue, Helena,
Montana
Anne Sheehy, Deputy County Attorney, Billings,
Montana

Submitted on Briefs:  April 26, 1990

Decided:  June 5, 1990

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This appeal arises from an order by the District Court, Thirteenth Judicial District, Yellowstone County, Montana, dismissing plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff appeals. We affirm.

The sole issue presented for review is whether the District Court erred in dismissing plaintiff's complaint for lack of subject matter jurisdiction.

Plaintiff Hedden-Empire Limited Partnership is the owner of commercial property and commercial property improvements in Yellowstone County, Montana. On January 1, 1978, the State Department of Revenue (Department) assigned new appraised values to all real property and real property improvements in Montana for ad valorem taxes. In making these appraisals, the Department relied upon the 1976 Marshall Valuation Service. For appraisal of residential improvements, the Department relied upon the 1972 Montana Manual. The use of these two manuals produced the "manual disparity" controversy. See Department of Revenue v. State Tax Appeal Board (1980), 188 Mont. 244, 613 P.2d 691. Ultimately the Department equalized the values of commercial real property improvements by reducing by 12% the appraised values from the 1976 Marshall Valuation Service. See, Hanley v. Department of Revenue (1983), 207 Mont. 302, 673 P.2d 1257. Additionally, the Department settled outstanding manual disparity appeals by entering a settlement agreement with owners of commercial improvements.

Plaintiff was one such owner. On July 21, 1982, plaintiff

2

entered a settlement agreement with the Department. In the agreement the Department agreed to refund 34% of 1978 taxes attributable to commercial improvements. The agreement also stated:

> For tax year 1982 and the remaining tax years of the current appraisal cycle, a 12% reduction in the 1978 appraised value . . . shall be granted to the taxpayer, said 12% reduced value is $603,930. Said reduction shall be subject to any increase due to the addition of new commercial improvements or industrial improvements to the property or to the remodeling of existing commercial improvements or industrial improvements.

On May 25, 1989, plaintiff filed a complaint in Yellowstone County District Court, alleging that the Department and Yellowstone County had violated this settlement agreement. The complaint alleges that for the years 1982 through 1985, plaintiff's property was taxed at an appraised value of $767,930 rather than the agreed $603,930, and that the property was taxed at an appraised value of over one million dollars for the years 1986 through 1988. Plaintiff requested that a temporary restraining order be issued to restrain the Department from collecting taxes due for the second half of 1988. The District Court issued a restraining order on May 25, 1989. The Department moved to dismiss the complaint for lack of jurisdiction and to quash the restraining order. On June 28, 1989, the District Court held a show cause hearing on this matter. After the hearing and consideration of memorandum from both parties, the District Court dismissed the complaint for lack of subject matter jurisdiction and quashed the restraining order. The court agreed with the Department that, inter alia, plaintiff had failed to exhaust administrative remedies, which include appeals

3

before the Yellowstone County Tax Appeal Board and the State Tax Appeal Board.

In reviewing the propriety of a motion to dismiss, the allegations of the complaint must be viewed in a light most favorable to plaintiffs, accepting as true all facts well pleaded. Devoe v. Missoula County (1987), 226 Mont. 372, 374, 735 P.2d 1115, 1116.

On appeal plaintiff contends that because his complaint alleged a breach of the settlement agreement, he should be allowed to proceed directly through district court. We conclude however, that the District Court properly dismissed plaintiff's suit.

The Department begins by asserting that plaintiff's allegations of breach of the agreement are unfounded in that they are based on a misunderstanding of the agreement and the appraisals. The Department asserts that the appraised value of plaintiff's commercial improvements of $603,930 pursuant to the 1982 Settlement Agreement, was reflected in the assessments for years 1982 through 1985. When the appraised value of the land, which was $164,000, is added to the above figure, the assessed value of $767,000 is obtained. Thus the Department contends it did not breach its agreement. Further, the agreement was only effective until the next appraisal cycle, which began in 1986; thus the agreement did not apply to appraisals made in 1986 and thereafter.

The Department also contends that plaintiff is precluded from challenging the value of the assessments for all of the years in

issue in District Court since his proper forums are county and state tax appeal boards. Since plaintiff did not pay taxes when due or under protest, and failed to exhaust administrative remedies, the District Court lacked subject matter jurisdiction and properly dismissed the complaint.

We begin by noting relevant statutes. Section 15-1-402, MCA, establishes procedures for payment of taxes under protest. Payment of taxes under protest must be done before the taxes become delinquent. Appeals may be taken before county or state tax appeal boards pursuant to § 15-2-301 and 302, MCA, and subject to certain time requirements. Judicial review of these decisions is available pursuant to § 15-2-303, MCA, but such appeal must be made within sixty days of the decision by the State Tax Appeal Board. Section 15-1-402(4), MCA.

This Court has previously held that subject to few exceptions, administrative remedies must be exhausted prior to judicial review in a tax appeal case:

> Section 15-1-402, MCA, allows a taxpayer to pay his taxes under protest and recover the amount protested if he challenge is successful. That statute allows a taxpayer to file an action in court to recover taxes paid under protest _after the taxpayer has exhausted the administrative appeals available under Title 15, chapters 2 and 15_. (Emphasis in original.)

Devoe, 735 P.2d at 1116. See also Belknap Realty Co. v. Simineo (1923), 67 Mont. 359, 365, 215 P. 659, 662; Larson v. State (1975), 166 Mont 449, 456, 534 P.2d 854, 858.

In analyzing plaintiff's contentions, we first address allegations in respect to the settlement agreement. The express

5

wording of the agreement demostrates that it only applies to improvements. As noted by the Department, and reflected in tax statements entered as exhibits at the hearing, for the years 1982 through 1985, plaintiff's commercial property improvements were assessed in accordance with the agreement. By its language the agreement was only effective until the next reappraisal cycle, which began in 1986. However, plaintiff's remedy in challenging the assessed values for any of the years 1982 through 1988 would be timely payment under protest, followed by administrative appeals pursuant to the above-mentioned statutes.

Having failed to even allege that this was done, plaintiff's complaint provides no basis for District Court jurisdiction. Further, appellant presents no basis which would allow him to utilize the alternate remedy of § 15-1-406, MCA, which provides that a taxpayer may, in lieu of proceeding under § 15-1-402, MCA, bring a declaratory judgment action in district court seeking a declaration that a tax was illegally or unlawfully imposed or exceeded the taxing authority. An action under this statute may only be brought if the taxes were paid when due, and must be brought within ninety days of the imposition of the tax. As previously noted, taxpayer did not pay the taxes when due and has failed to meet the ninety day filing requirement. Pursuant to § 15-2-307, MCA, an action may be initiated in district court to challenge an assessment method or procedure. This statute is not helpful to plaintiff since his complaint does not challenge the method of assessment. Although plaintiff urges application of §

6

15-16-601, MCA, which provides that the Board of County Commissioners may refund taxes paid more than once or erroneously or illegally collected, neither the allegations nor the facts presented to District Court provide any basis for application of this statute. We conclude plaintiff has presented no basis for bringing an action in District Court, and the District Court properly dismissed the complaint for lack of subject matter jurisdiction.

We further conclude that the District Court properly quashed the temporary restraining order. An injunction is not to be granted by any court to restrain the collection of tax. Section 15-1-405, MCA. The remedy of injunction is superseded by other statutory remedies. Section 15-1-404, MCA.

Accordingly, we affirm the action of the District Court in dismissing the complaint for lack of subject matter jurisdiction and in quashing the temporary restraining order.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7