No. 91-400

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

LARRY MARSHALL,

Plaintiff and Appellant,

-vs-

THE STATE OF MONTANA; THE DEPARTMENT OF NATURAL
RESOURCES AND CONSERVATION; and THE DEPARTMENT OF
ADMINISTRATION,

Defendants and Respondents.

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis & Clark,
                The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        John Bobinski, Attorney at Law, Helena, Montana.

        For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
        James M. Scheier, Assistant Attorney General,
        Helena, Montana.

Submitted on Briefs:    January 16, 1992

Decided:    April 15, 1992

Filed:

FILED

APR 15 1992

_Ed Smith_
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
          Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Larry Marshall appeals from an order of the First Judicial District Court, Lewis and Clark County, granting the State's motion to dismiss and denying Marshall's motion to amend his complaint. We reverse.

The sole issue on appeal is whether the District Court erred in determining Marshall's complaint failed to state a claim upon which relief can be granted.

On January 6, 1987, the personnel officer for the State of Montana Department of Natural Resources (DNRC) requested a new position description for Marshall's position. Marshall was employed by DNRC as a Program Officer II, grade 15. On April 21, 1987, Marshall submitted a new position description to the Water Resources Division, recommending his position be reclassified at grade 16. However, the position was reclassified to Civil Engineering Specialist IV, grade 15 by the Department of Administration (DOA) effective December 5, 1987. Marshall disagreed with the reclassification, contending that his position should be reclassified to Civil Engineering Specialist V, grade 16. Marshall initiated the formal appeals process on January 14, 1988. He received his requested upgrade on July 24, 1989.

Marshall contends that prior to formal appeal, DNRC told him that it was neither supporting or opposing his request, and DNRC led him to believe it would be objective and would not actively oppose his request. Instead, DNRC took steps with the DOA in

2

secret to ensure that the requested upgrade would be denied. Marshall further argues the DNRC intentionally provided him with misleading information concerning certain job classification factors.

Marshall's complaint alleged tortious breach of the implied covenant of good faith and fair dealing. Marshall's amended complaint alleged contractual breach of the implied covenant of good faith and fair dealing. Marshall pled contract damages in the form of attorney fees in prosecuting his classification appeal and loss of back pay due to the delay in filing the appeal. Marshall contends that the filing delay was caused by the State's bad faith during the informal process. (Section 2-18-203(3), MCA, specifically limits the amount of back pay to 30 days prior to the date the classification appeal was filed.)

In considering a Rule 12(b)(6) motion to dismiss, the allegations must be viewed in the light most favorable to the plaintiff, admitting and accepting as true all facts well-pleaded. Devoe v. Missoula County (1987), 226 Mont. 372, 374, 735 P.2d 1115; United States Nat'l Bank of Red Lodge v. DOR (1977), 175 Mont. 205, 207, 573 P.2d 188, 190. Further, a court should not dismiss a complaint for failing to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Proto v. Missoula County (1988), 230 Mont. 351, 353, 749 P.2d 1094, 1095, quoting Conley v. Gibson (1957), 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2

3

L.Ed.2d 80, 84. Therefore, we must determine whether under any set of facts, Marshall has a claim under the covenant of good faith and fair dealing.

We said in Story that dishonesty in fact is one required element for a breach of the implied covenant of good faith and fair dealing, which results in a breach of contract:

> Each party to a contract has a justified expectation that the other will act in a reasonable manner in its performance or efficient breach. When one party uses discretion conferred by the contract to act dishonestly or to act outside of accepted commercial practices to deprive the other party of the benefit of the contract, the contract is breached.

Story v. City of Bozeman (1990), 242 Mont. 436, 450, 791 P.2d 767, 775-76. Good faith under the Uniform Commercial Code means honesty in fact in the conduct or transaction concerned, § 30-1-201 (19), MCA, and the observance of reasonable commercial standards of fair dealing in the trade. Section 30-2-103(1)(b), MCA.

In the case before us, Marshall contends that DNRC acted in secret to ensure his upgrade would be denied after leading him to believe otherwise, and that they gave him misinformation. He also contends that the State's bad faith caused him to delay filing his formal appeal resulting in loss of back pay. Accepting these contentions to be true, he has properly pled a cause of action for a contract breach of the implied covenant of good faith and fair dealing in his proposed amended complaint. However, the tort of bad faith requires a special relationship and breach of the same honesty and reasonable commercial standards. Wise v. Sebena

4

(1991), 248 Mont 32, 38, 808 P.2d 494, 498. In Story we set forth five requirements which must be met in order to meet such special relationship. The requirements are as follows:

> (1) the contract must be such that the parties are in inherently unequal bargaining positions; [and] (2) the motivation for entering the contract must be a non-profit motivation, i.e., to secure peace of mind, security, future protection; [and] (3) ordinary contract damages are not adequate because (a) they do not require the party in the superior position to account for its actions, and (b) they do not make the inferior party 'whole'; [and] (4) one party is especially vulnerable because of the type of harm it may suffer and of necessity places trust in the other party to perform; and (5) the other party is aware of this vulnerability.

Story at 451, 791 P.2d at 776.

Here, under undisputed facts, the parties are not in inherently unequal bargaining positions because by statute, an appeals process was provided Marshall which resulted in his position with DNRC being upgraded. See § 2-18-203, MCA (1991). Further, ordinary contract damages are adequate because Marshall received his requested upgrade and prevailed against DNRC and DOA in the appeal. Therefore the first and third requirements are not met.

In both the initial complaint and the amended complaint, Marshall pled attorney fees and loss of back pay as his damage. Attorney fees are not allowed as damages in contract unless they are provided for in the contract or by statute. Neither provision is present here. As we said in Ehly, "It is a well-settled rule that absent contractual or statutory grant, attorney fees are not allowable as costs or as an element of damages." Ehly v. Cady

(1984), 212 Mont. 82, 100, 687 P.2d 687, 696. However, the alleged loss of back pay can be contract damages.

For the reasons set forth above, we reverse the District Court, and remand for proceedings not inconsistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6

Justice Terry N. Trieweiler specially concurring in part and dissenting in part.

I concur in the majority's conclusion that the District Court erred when it dismissed that part of plaintiff's complaint which sought contract damages for breach of the covenant of good faith and fair dealing.

I dissent from that part of the majority's opinion which concludes that, based upon *Story v. City of Bozeman* (1990), 242 Mont. 436, 791 P.2d 767, plaintiff has not satisfied all the elements necessary to recover tort damages for a breach of the covenant of good faith and fair dealing. Under the *Story* decision, it is virtually impossible to satisfy all five elements which are necessary to recover tort damages. For all practical purposes, the *Story* decision, without benefit of briefing or arguments by the parties, eliminated tort damages for bad faith conduct in Montana.

For these reasons, as more specifically set forth in my dissent in *McNeil v. Currie* (Mont. 1992), 49 St.Rep. ___, I would reverse the *Story* decision and remand this case to the District Court for consideration of plaintiff's claim for tort damages based on defendants' alleged breach of the covenant of good faith and fair dealing.

_____
Justice

I concur in the foregoing concurrence and dissent of Justice Trieweiler.

_____
Justice

7

April 15, 1992

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

JOHN BOBINSKI
Attorney at Law
P.O. Box 5117
Helena, MT  59624-5117

James M. Scheier
*Agency Legal Services Bureau*
Department of Justice
Justice Building
215 N. Sanders
Helena, MT  59620-1402

HON. MARC RACICOT, Attorney General
          , Assistant
Justice Building
Helena, MT  59620

Donald D. MacIntyre, Chief Legal Counsel
Department of Natural Resources and Conservation
1520 E. Sixth
Helena, MT  59620

Legal Division
Department of Administration
Room 155, Mitchell Building
Helena, MT  59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____