James D. MAXWELL, M.D., Plaintiff,

v.

SISTERS OF CHARITY OF PROVIDENCE OF MONTANA, A Montana Non-Profit Corporation, d/b/a Columbus Hospital, and Frank Stewart, Individually and as Administrator of Columbus Hospital, Defendants.

No. CV–85–172–GF.

United States District Court,
D. Montana,
Great Falls Division.

Oct. 24, 1986.

Michael G. Barer, Graybill, Ostrem, Warner & Crotty, Great Falls, Mont., for plaintiff.

Bert Fairclough, Smith, Baillie & Walsh, Great Falls, Mont., for defendants.

## ORDER

HATFIELD, District Judge.

Presently before this court is the defendants' consolidated motion for partial summary judgment regarding plaintiff's claims that defendants breached his employment contract and the duty of good faith attendant that contract, and otherwise violated his civil rights. Plaintiff does not dispute the validity of defendants' motion regarding his civil rights causes of action. Therefore, the sole issue before this court is whether or not the defendants are entitled to summary judgment with respect to the breach of contract and tort claims advanced by the plaintiff's complaint.

On January 9, 1980, the plaintiff, Dr. James D. Maxwell, signed a contract with the Sisters of Charity of Providence of Montana ("Sisters of Providence") to become director of radiation oncology at Columbus Hospital in Great Falls, Montana. On or about July 29, 1982, the plaintiff received written notice that his contract would be terminated on the next anniversary date, specifically January 9, 1983. Subsequent to that date, the Sisters of Providence hired Dr. Karl Shonk to replace the plaintiff as director of radiation oncology.

Plaintiff sued the Sisters of Providence, who operate Columbus Hospital, and the hospital's then administrator, Frank Stewart, alleging *inter alia*, a breach of contract/bad faith claim. Plaintiff maintains that his employment contract could neither be terminated, nor not renewed on an anniversary date, without good cause. Plaintiff relies upon the language of the contract, as well as the assertion that during the course of negotiations, he was led to believe his contract would not be terminated except for cause.

The defendants, on the other hand, contend they could terminate or refuse to renew the plaintiff's contract on an anniversary date simply by giving the required notice. Defendants maintain the contract in issue contains no cause requirement for non-renewal or termination of the contract on the anniversary date and that plaintiff's attempt to add such a requirement is barred by the parol evidence rule.

The determinative issue placed before this court by the defendants' motion is whether or not the Sisters of Providence could terminate plaintiff's contract on an anniversary date without reason or good cause.

The most elemental principle of contract construction provides that a contract must be construed according to the intentions of the parties at the time the contract is executed. Section 28–3–301, Montana Code Annotated (1985). Absent an ambiguity, the language of a written contract governs its interpretation. Section 28–3–401 M.C.A. (1985); *Schell v. Peters*, 147 Mont. 21, 26, 410 P.2d 152, 155 (1966). Extrinsic evidence may be introduced to explain the intentions of the parties only when an ambiguity exists. Sections 28–3–301 and 402 M.C.A. (1985); *McNussen v. Graybeal*, 146 Mont. 173, 405 P.2d 447 (1965). "It is a question of law for the court to determine first as to whether there exists ambiguity

sufficient to submit the question of intention to the trier of fact." *Schell v. Peters, supra,* 147 Mont. at 27, 410 P.2d 152; *see also, SAS Partnership v. Schafer,* 200 Mont. 478, 482, 653 P.2d 834, 836 (1982).

In the instant case, the contract clause at issue is as follows:

### SECTION VI. TERMS OF THE AGREEMENT.

A. This agreement shall remain in force and effect for a term of one (1) year from and after *January 9, 1980* and for successive terms of like duration unless either party shall, within four (4) months of termination of the original or any successive term, give written notice of the party's intention to terminate the agreement at the conclusion of the term then in progress.

Either party may terminate this contract for cause with four (4) months' written notice to the other party, or upon the mutual written agreement of the PHYSICIAN and the HOSPITAL....

■ In the court's opinion, the disputed provision in plaintiff's employment contract is clear and unambiguous. Based on the clear language of plaintiff's employment contract, the court finds the contract could be terminated or not renewed on an anniversary date simply by giving notice and that good cause was not required. Because no ambiguity exists, the language of a written contract governs its interpretation and extrinsic evidence may not be introduced. *See,* Sections 28–3–301, 401 and 402 M.C.A. (1985); and *McNussen v. Graybeal,* 146 Mont. 173, 405 P.2d 447 (1965).

Consequently, the court holds defendants did not breach plaintiff's employment contract and are thereby entitled to summary judgment.

■ Plaintiff also alleges the defendants breached the contract in an arbitrary, capricious, and unreasonable manner and should be held liable for breaching the implied covenant of good faith and fair dealing. According to the Montana Supreme Court, a tort action for breach of the implied covenant of good faith and fair dealing arises when the conduct of one party unreasonably breaches the justifiable expectations of the other party. *Dunfee v. Baskin-Robbins, Inc.,* 720 P.2d 1148, 43 St.Rptr. 964, 969 (Mont.1986); citing *Nicholson v. United Pacific Insurance Co.,* 710 P.2d 1342, 1348, 42 St.Rptr. 1822, 1829 (Mont.1985). Since the court concludes the defendants did not breach plaintiff's employment contract, the defendants cannot be found to have acted unreasonably and in breach of the implied covenant of good faith and fair dealing attendant the subject contract. Consequently, the court finds the defendants are entitled to summary judgment on plaintiff's claims of bad faith.

For the reasons set forth herein,

IT IS HEREBY ORDERED that defendants are GRANTED summary judgment on Counts Three, Four and Five of plaintiff's amended complaint.