No. 86-565

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

JAMES C. NORDLUND,

Plaintiff and Appellant,

-vs-

SCHOOL DISTRICT NO. 14, and HIGH
SCHOOL DISTRICT NO. A, PHILLIPS
COUNTY, MONTANA,

Defendant and Respondent.

---

APPEAL FROM: District Court of the Seventeenth Judicial District,
In and for the County of Phillips,
The Honorable Leonard Langen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Morrison, Hauge, Ober, Young & Melcher; Robert D.
Morrison, Havre, Montana

For Respondent:

James, Gray & McCafferty; Robert F. James, Great
Falls, Montana

---

Submitted on Briefs: April 23, 1987

Decided: July 13, 1987

Filed: JUL 13 1987

*Ethel M. Harrison*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

James Nordlund appeals the dismissal of his suit in Phillips County District Court for failure to state a claim upon which relief can be granted. The issues on appeal are:

(1) whether the District Court erred in interpreting Nordlund's employment contract as an express contract for a term of one year;

(2) whether the District Court erred in concluding that Nordlund could prove no set of facts from which the obligation of good faith and fair dealing could be implied as a term of his employment contract;

(3) whether the District Court erred in dismissing the remaining counts of the complaint. We affirm.

In 1956, Nordlund was hired by the Malta, Montana, School District to teach at the high school. In 1966, Nordlund became the district superintendent and continued in that capacity until the end of the 1984 school year. As superintendent, Nordlund did not have tenure and therefore his employment status was governed by a written contract with the school board. From 1966 to 1983, Nordlund worked under a series of two-year contracts. In January 1983, after the board voted 3-2 to retain Nordlund's services, Nordlund was offered and subsequently accepted a one-year written contract for the 1983-84 school term, beginning on July 1, 1983. The applicable provision states:

> (1) That the superintendent is hereby employed to act as superintendent in accordance with school year beginning on or about the 1st day of July, 1983, for a period of no less than one year.

The contract itself does not contain an option for renewal clause or refer to the possibility of renewal in any sense.

2

The close vote by the school board on retaining Nordlund was attributed to a perceived communication or public relations problem on Nordlund's part.

At the January 1984 meeting, the board voted not to renew Nordlund's contract beyond June 30, 1984. The non-renewal vote was undertaken in full compliance with state law. See § 20-4-401(3), MCA.

Prior to the present action, Nordlund filed suit against the district for accrued vacation and sick leave and a settlement was reached in April 1985. Since July 1984, Nordlund has been employed as a vice-principal at Bozeman High School. In August 1985, Nordlund filed this suit against the Malta district for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligent infliction of emotional distress. Nordlund filed an amended complaint alleging further that his termination was the result of a closed meeting of various school board members in violation of Montana law, and that the contract was "open-ended," not a contract for a definite term. The court found an express contract for a term of one year and granted the district's motion to dismiss the amended complaint.

The District Court dismissed the amended complaint under Rule 12(b)(6), M.R.Civ.P. A party may move for dismissal of an action if a complaint fails to state a claim upon which relief can be granted. In deciding this question, the District Court is only to consider matters raised within the pleadings. In other words, the District Court is not to engage in fact-finding when ruling on a motion to dismiss. Flemmer v. Ming (Mont. 1980), 621 P.2d 1038, 1041, 34 St.Rep. 1916, 1919. We note that the court was particularly sensitive to limiting its ruling to matters raised in the pleadings, explaining that the ruling pertained to dismissal

3

(Rule 12(b)(6), M.R.Civ.P), not summary judgment, (Rule 56, M.R.Civ.P.).

The first issue is whether the District Court erred in interpreting Nordlund's employment contract as an express contract for a term of one year. Where the language of a written contract is clear and unambiguous there is nothing for the court to construe; the duty of the court is simply to apply the language as written to the facts of the case, and decide the case accordingly. Danielson v. Danielson (1977), 172 Mont. 55, 58, 560 P.2d 893, 894. Courts have no authority to change the contract or disregard the express language used. Williams v. Insurance Company of North America (1967), 150 Mont. 292, 434 P.2d 395. It is a question of law for the court to determine whether there exists ambiguity sufficient to submit the question of the parties' intent to the trier of fact. Maxwell v. Sisters of Charity of Providence (D. Mont. 1986), 645 F.Supp. 937; Schell v. Peters (1966), 147 Mont. 21, 410 P.2d 152.

Section 20-4-401(3) states that a superintendent's first two contracts shall run for a maximum of three years and thereafter from year to year provided that a majority of the school board does not vote to terminate at the end of the existing contract. We set out the statute to further illustrate this point:

> (3) The written contract of employment of a district superintendent or a county high school principal shall be authorized by the proper resolution of the trustees of the district or the joint board of trustees and executed in duplicate by the chairman of the trustees or joint board of trustees and the clerks of the districts in the name of the districts and by the district superintendent or the county high school principal. Such contract shall be for a term of not more than 3 years, and after the second

4

> successive contract, the contract shall be deemed to be renewed for a further term of 1 year from year to year thereafter unless the trustees shall, by resolution passed by a majority vote of its membership, resolve to terminate the services of the district superintendent or the county high school principal at the expiration of his existing contract. The trustees shall take such termination action and notify the district superintendent or the county high school principal in writing of their intent to terminate his services at the expiration of his current contract not later than February 1 of the last year of such contract.

We concur with the District Court that Nordlund's 1983-84 contract is sufficiently clear and unambiguous in its intent. Prior to signing this contract, Nordlund worked under a series of two year contracts from 1966 to 1983. In 1983, the school board, in compliance with § 20-4-401(3), MCA, decided to offer Nordlund a one-year contract. In January 1984, the board voted unanimously not to renew Nordlund's contract. This action also complied with § 20-4-401(3). Again, it should be mentioned that superintendents are not able to acquire tenure in their positions. Since the contractual language is sufficiently clear, our duty, as stated in Danielson, is to simply apply the language to the facts of the case. There was no ambiguity for which the district judge was required to submit the case to a jury for a factual determination. See Schell v. Peters (1966), 147 Mont. 21, 410 P.2d 152. We therefore agree with the lower court that an express contract for a term of one year was negotiated between the parties.

The second issue is whether the District Court erred in concluding that Nordlund could prove no set of facts from which the obligation of good faith and fair dealing could be

5

implied as a term of his employment contract. First of all, we disagree with Nordlund's assessment of the lower court's decision. The court dismissed the complaint on the basis that an express one-year contract was negotiated between the parties and that the facts alleged by Nordlund failed to suggest a breach of contract. We find the following case language applicable:

> Since the court concludes the defendants did not breach plaintiff's employment contract, the defendants cannot be found to have acted unreasonably and in breach of the implied covenant of good faith and fair dealing attendant the subject contract.

Maxwell v. Sisters of Charity of Providence (D. Mont. 1986), 645 F.Supp. 937, 939.

Here, the school district gave Nordlund proper notice of the non-renewal of his contract pursuant to § 20-4-401(3), MCA, and dutifully performed until the contract came to an end on June 30, 1984. As in Maxwell, because no breach of contract occurred, it cannot be said that the school board breached the implied covenant of good faith and fair dealing.

The third issue is whether the District Court erred in dismissing the remaining counts of the complaint. We refer in part to our discussion on the first issue. The lower court ruled that the parties agreed to an express contract for a term of one year and that the district's motion to dismiss would be granted because no set of facts would support Nordlund's claim of a contract for an unspecified term, or "open-ended" term, as contended by Nordlund's counsel. The court stated that in ruling on the motion to dismiss, it was looking at the wording of the complaint. The court was correct in its methodology, for as we stated earlier, a lower court, on a motion to dismiss, is only to

6

consider matters raised within the pleadings. The court here was not fact-finding on the negligent infliction of emotional distress claim, the open meeting claim, or any other claim. We conclude that the procedure utilized was proper.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices