No. 88-309

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

DONALD BINDRIM, JR.,

        Plaintiff and Appellant,

-vs-

UNIVERSITY OF MONTANA,

        Defendant and Respondent.

_____

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Christopher Daly, Missoula, Montana

    For Respondent:

        Leroy Schramm, Helena, Montana

_____

Submitted on Briefs:  Oct. 27, 1988

Decided:  December 16, 1988

Filed:

_____

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Donald Bindrim, Jr., (Bindrim) appeals from the order of the District Court of the First Judicial District, Lewis and Clark County, granting summary judgment in favor of the University of Montana (UM). We affirm.

Bindrim's issue on appeal is: Did the District Court err in granting Defendant's Motion for Summary Judgment?

Bindrim enrolled at UM in September of 1984 to pursue a Bachelor of Arts degree in Education with an emphasis in Music. He had previously attended East Texas State University and the University of Texas at Arlington, where he had taken courses with this same objective in mind. Bindrim attended three regular academic quarters plus two summer session courses at UM, and performed secondary school practice teaching in the fall of 1985.

Bindrim has two disputes with UM. First, Bindrim asserts that UM contradicted its own catalog by requiring him to take the "piano function exam" in order to pass Music 217, a course required for graduation. Bindrim registered to take Music 217 during the spring quarter of 1985. According to Bindrim, the university catalog in effect at that time made no mention of the piano function exam as a requirement for passing the course. He maintains that he first heard of the requirement in April of 1985, after the course had already begun. Bindrim did not take the piano function exam, and therefore received an I (incomplete) for the course. For reasons that are disputed by the parties, Bindrim did not take the exam within one year of receiving the I, and under UM academic rules the I automatically became an F.

Second, Bindrim asserts that UM officials reneged on assurances that his coursework from the Texas institutions

2

would satisfy all of his Education coursework requirements. Bindrim contends that the School of Education at UM initially told him he would not need to take further Education courses, but needed only to fulfill student teaching requirements listed in the catalog. A letter sent by the School to Bindrim in 1986 stated that university records indicated he needed to take additional Education courses in order to graduate.

Bindrim filed suit against UM on August 13, 1986. He alleged breach of implied contract, breach of implied covenant, misrepresentation, educational malpractice and equitable estoppel. After some discovery by both sides, UM filed a motion for summary judgment. For purposes of the motion, the parties assumed that all the facts Bindrim alleged were true. The District Court granted UM's motion, and this appeal followed.

The standard for review of a summary judgment is the same as that used by the trial court. In order for summary judgment to issue, the movant must show that there is no genuine issue as to all facts that are material in light of the substantive principles entitling the movant to judgment as a matter of law. Frigon v. Morrison-Maierle, Inc. (Mont. 1988), 760 P.2d 57, 45 St.Rep. 1344.

The District Court's decision and our review are guided by the following rule of law:

> [T]he courts will not interfere with the discretion of school officials in matters which the law has conferred to their judgment, unless there is a clear abuse of that discretion, or arbitrary or unlawful action, ...

State ex rel. Ingersoll v. Clapp (1928), 81 Mont. 200, 216, 263 P. 433, 437. This same rule was followed more recently by this Court in State ex rel. Bartlet v. Pantzer (1971), 158

3

Mont. 126, 489 P.2d 375, and is in accord with the rule ennunciated by the United States Supreme Court in Regents of the University of Michigan v. Ewing (1985), 474 U.S. 214, 106 S.Ct. 507, 88 L.Ed.2d 523. The discretion vested in UM is the core "substantive principle" entitling UM to summary judgment as to all of Bindrim's claims. The inquiry in this appeal is thus whether UM abused that discretion.

Bindrim's first claim alleged breach of an implied contract with UM. According to Bindrim, the contract provided that he would receive a degree if he paid his tuition and satisfied the academic requirements found in the school's catalog, as modified by the assurances of the School of Education. He maintains that UM breached this contract by adding the piano function examination to those requirements set forth in the catalog, and requiring him to take additional Education courses after telling him initially that he would not be required to do so.

Bindrim did not fulfill his duties under the contract he alleges, and therefore was not entitled to a degree. Under the contract terms alleged by Bindrim, successful completion of specified courses and a specified number of student teaching hours were conditions precedent to receiving his degree. See, 17 Am Jur 2d, Contracts §§ 321 and 361. Music 217 and Music 236 were among the courses so specified, and Bindrim failed them both. He also failed to complete the student teaching requirement.

Furthermore, the contract as alleged also contains the following language found in the catalog:

> The right is reserved to change any of the rules
> and regulations of the University at any time,
> including those relating to admission, instruction,
> and graduation. The right to withdraw curricula
> and specific courses, alter course content, change
> the calendar, and to impose or increase fees

4

> similarly is reserved. All such changes are effective at such times as the proper authorities determine and may apply not only to prospective students but also to those who already are enrolled in the University.

There has been no showing that UM abused its discretion in setting the criteria contained in the catalog or reserving the right to change those criteria. We affirm the District Court's ruling on this issue.

Bindrim's second claim asserts breach of the covenant of good faith and fair dealing implied in his contractual relationship with UM. The obligation imposed by the covenant of good faith and fair dealing is to act reasonably. Nicholson v. United Pacific Insurance Co. (Mont. 1985), 710 P.2d 1342, 42 St.Rep. 1822. This Court has held that the minimal requirement for a breach of the covenant is arbitrary, capricious or unreasonable conduct by the defendant that exceeded the plaintiff's justifiable expectation of reasonableness. Noonan v. First Bank Butte (Mont. 1987), 740 P.2d 631, 44 St.Rep. 1124.

Bindrim's justifiable expectation of reasonableness here was that upon fulfillment of the academic requirements set by UM and payment of all requisite fees, he would be awarded a Bachelor's degree in Education. Again, Bindrim did not fulfill the requirements for the degree even as he would have them characterized.

We have held that the absence of a breach of contract can be a good indication that the defendant did not act unreasonably. Nordlund v. School District No. 14 (Mont. 1987), 738 P.2d 1299, 44 St.Rep. 1183; Shiplet v. First Bank of Livingston, Inc. (Mont. 1988), 762 P.2d 242, 45 St.Rep. 1816. We held above that UM did not breach the contract alleged, and Bindrim has made no other showing of an abuse of

5

discretion by UM that exceeded his justifiable expectation. We affirm the District Court's ruling on this issue.

The District Court ruled that Bindrim's remaining claims—misrepresentation, equitable estoppel and educational malpractice—had no legal or factual bases. It is not necessary to pass on the legal foundation of these claims at this time, because the District Court was correct in that the facts do not support them. As with Bindrim's claims of breach of contract and breach of the covenant of good faith and fair dealing, these claims are based on the same two factual allegations. According to Bindrim, were it not for UM's actions in changing the content of Music 217 and "reneging" on its waiver of Education course requirements, he would be entitled to the degree he sought. The record shows this to be untrue.

The facts that emerge from all of Bindrim's claims as being material to UM's entitlement to summary judgment are: (1) Bindrim was required to complete the requirements found in the university's catalog as modified by the assurances given by the School of Education and (2) he did not do so. The examination given in Music 217 or the number of Education courses required are immaterial in light of Bindrim's failure to complete the requirements found in the contract as he alleges it. There is therefore no issue of material fact as to UM's entitlement to summary judgment. Bindrim simply was not entitled to a degree, and cannot claim damages from UM for his failure to obtain one.

We affirm the ruling of the District Court.

_____
Justice

We Concur:

_____

6

_____

_____
John G. Shelby

_____
P. C. Gulbrandson,
        Justices