NO. 91-244

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1992**

AUDIT SERVICES, INC.,
a Montana Corporation,

       Plaintiff and Appellant,

  -vs-

LLOYD SYSTAD,

       Defendant, Respondent and Cross-Appellant.

FILED

FEB 13 1992

APPEAL FROM:   District Court of the Third Judicial District,
                In and for the County of Deer Lodge,
                The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

             Dennis Tighe; Cure, Borer & Davis, Great Falls,
             Montana

       For Respondent:

             Greg Skakles; Johnson, Skakles & Kebe, Anaconda,
             Montana

FILED

Filed: 13 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  November **14,** 1991

Decided:  February **13,** 1992

_____
Clerk

Justice Fred *3.* Weber delivered the Opinion of the Court.

The appellant, Audit Services, Inc. (Audit Services), assignee of claims owed to the Montana Operating Engineers' Trust, brought an action in the Third Judicial District, Deer Lodge County, for contributions allegedly owed by respondent, Lloyd A. Systad (Systad) to the Union's trust funds. The District Court found that Systad had no obligation under the Special Union Agreement to contribute to the trust. Audit Services appeals. Systad cross-appeals on the District Court's order denying attorney's fees. We reverse and remand.

We conclude the following issue is dispositive:

Did the District Court correctly conclude the labor agreement was clear on its face and did not apply to the disputed workers?

Atlantic Richfield Co. (ARCO) contracted with Cleveland Wrecking Company (Cleveland) to demolish buildings and structures at the Anaconda smelter site. Systad, subcontracted with Cleveland to cut salvaged metal from the demolition site into sizes suitable for rail transport from the site.

In July **1983,** Systad entered into a compliance agreement with the Montana Operating Engineers, Local Union #400 which incorporated by reference a Special Union Agreement signed by Cleveland and the Union. The Special Union Agreement required Systad to make contributions to the Operating Engineers' pension and vacation trusts for employers covered under the collective bargaining agreement.

Audit Services claims Systad failed to make **$6992.81** in

2

required contributions to the pension and vacation trusts on behalf of three workers: Ron Surina, James Tuss, and John Sladich. Systad claims Surina, Tuss, and Sladich were not covered by the collective bargaining agreement: thus, he was not required to make contributions on their behalf. The agreement provides:

> This is an agreement covering the indicated unions and employees engaged in the demolition and salvage at the smelter in Anaconda, Montana <u>and shall cover all employees of the specific classifications listed</u> and shall be in effect for the term of the employer's work in connection with the project. <u>This agreement does not include or cover any other work.</u> (Emphasis added.)

The classifications listed within the agreement are as follows:

| | |
|---|---|
| Crane Oiler, Assistant to Engineer | $ 9.58/hr. |
| Shovel Oiler, Assistant to Engineer 3 cy. & Under | 9.50/hr. |
| Shovel Oiler, Assistant to Engineer Over 3 cy. | 9.91/hr. |
| Electric Overhead Crane Opr. | 10.29/hr. |
| Crane Opr., Up to 80' Boom | 10.37/hr. |
| Crane Opr., 81' - 130' Boom | 10.52/hr. |
| Crane Opr., 131' - 150' Boom | 10.57/hr. |
| Push Tractor, Dozer Opr. | 10.21/hr. |
| Track Type Front End Loader Up to 5 cy. | 10.21/hr. |
| Track Type Front End Loader 5 cy. to 10 cy. | 10.44/hr. |
| Oiler-Driver, Rubber Tired Cranes Asst. to Eng. | 9.58/hr. |
| Gradall Operator | **10.21/hr.** |
| Rubber Tired Front End Loader 1 cy. to 3 cy. | 10.21/hr. |
| Rubber Tired Front End Loader 3 cy. to 5 cy. | 10.33/hr. |
| Rubber Tired Front End Loader 5 cy. to 10 cy. | 10.43/hr. |
| Shovels 1 cy. to 3 cy. | 10.39/hr. |
| Shovels 3 cy. to 5 cy. | **10.66/hr.** |
| Shovels Over 5 cy. | 10.79/hr. |

A subsequent amendment modified the agreement to include the classification of "mechanic on job" at $10.59 per hour and operators of "dump trucks and similar equipment." No other classifications were added to the agreement.

Testimony at trial established that Surina, a machinist,

3

assisted Systad in the assembly of the shear machine. Once the shear was operating he would remove broken parts from the shear machine, take them to his shop for repair, and replace the parts on-site. It also established that Tuss, a welder, welded the foundation and footings for Systad during the shear machine's original assembly. In addition, he repaired cracks in the footings which occurred after the machine was operational. Finally, it established that Sladich operated the shear machine for Systad.

The District Court found Tuss, Surina and Sladich were not covered by the collective bargaining agreement. Thus, Systad had no obligation to contribute to the trusts on their behalf. Audit Services' appeals this judgment.

Did the District Court correctly conclude the labor agreement was clear on its face and did not apply to the disputed workers?

The trial court found this Special Union Agreement was plain and unambiguous. When interpreting contracts, it is a question of law whether an ambiguity exist. Nordlund v. School District No. 14 (1987), 227 Mont. 402, 405, 738 P.2d 1299, 1301. Thus, in reviewing the trial court's interpretation, we will determine if it correctly interpreted the contract.

The District Court found the express language in the agreement limited its application to the listed classifications and did not include other work performed. we agree with the District Court. The express language of the contract limits its application to work listed in the classifications. "Where the language of a written

4

contract is clear and unambiguous . . . the duty of the court is simply to apply the language as written to the facts of the case and decide the case accordingly." Nordlund, 227 Mont. at **404**, 738 P.2d at 1301.

Audit Services contends that this is a "wall to wall" agreement covering all of the demolition project. However, by expanding the collective bargaining agreement to include unlisted work classifications, this Court would be disregarding the express language of the agreement. Where the agreement provides it "does not include or cover any other work," we must apply the contract language. Here we conclude the collective bargaining agreement limits coverage to the listed work classifications.

Next, we examine whether the listed classifications are ambiguous. "An ambiguity exists when a contract is subject to two interpretations and parol testimony can be used to determine what the parties intended." Monte Vista Co. v. Anaconda Co. (1988), 231 Mont. 522, 528-529, 755 P.2d 1358, 1362. Here, after reviewing the contract and trial testimony, we conclude the classification "mechanic on job" is subject to differing interpretations, and creates an ambiguity in the contract. Here, the District Court failed to address this ambiguity within its findings. Thus, we reverse on this issue.

While the record indicates that the District Court admitted parol evidence of industry custom regarding the classification of "mechanic on job," it failed to address the ambiguity in its findings.

5

We hold the District Court was incorrect in concluding the labor agreement was clear on its face, and remand for findings on whether the classification "mechanic on job" applies to work performed by Sladich, Tuss, and Surina.

Reverse and remand for proceedings in accordance with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

February 13, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Dennis Tighe
CURE, BORER & DAVIS
P.O. Box 2103
Great Falls. MT 59403

Greg Skakles
JOHNSON, SKAKLES & KEBE
P.O. Box 1413
Anaconda, MT 59711

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _M. Tudor_
      Deputy