No. 91-466

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

CAROL FARRIS,

Plaintiff and Appellant,

-vs-

JOHN M. HUTCHINSON, individually
and in the capacity of
COMMISSIONER OF HIGHER EDUCATION,
MONTANA, BOARD OF REGENTS OF
HIGHER EDUCATION,

Defendants and Respondents.

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

               Peter Michael Meloy argued, The Meloy Law Firm,
               Helena, Montana

       For Respondents:

               LeRoy H. Schramm argued, Montana University System,
               Helena, Montana

Submitted: April 15, 1992

Decided: August 17, 1992

FILED

Filed: AUG 1 7 1992

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from an order and entry of judgment of the First Judicial District Court, Lewis and Clark County, granting a motion to dismiss in favor of John M. Hutchinson and the Commissioner of Higher Education. We affirm.

We decide the following issues on appeal:

1. Did the District Court err in dismissing Farris's cause of action for breach of the implied covenant of good faith and fair dealing;

2. Did the District Court err in dismissing the wrongful discharge claim and the claim under the Wrongful Discharge from Employment Act of 1987; and

3. Did the District Court err in finding appellant had no entitlement to property under a written contract for a specified term when the contract is not renewed at the expiration of the term?

On April 10, 1989, Carol Farris was hired as a gender equity coordinator by the Commissioner of Higher Education for a federally mandated affirmative action program for the vocational technical education system in Montana. Farris alleged in her complaint that she received objective manifestations of job security when she was hired. Specifically, she contends that she was told the position was permanent, even though it was governed by a yearly term contract. Farris quit her job in Great Falls, sold her home and moved to Helena for the position.

Throughout the course of her employment, Farris signed three

2

"professional employment contracts" prepared by the Montana University System. The contracts were term contracts, lasting one year. The contracts provided for non-renewal with adequate notice. The last contract was effective between July 1, 1990 and June 30, 1991. Pursuant to the contract, on February 5, 1991, the Commissioner notified Farris that her contract would not be renewed. No reason was provided for the non-renewal, nor was one required under the terms of the contract. Farris filed a complaint against the Commissioner of Higher Education and the Board of Regents. The District Court granted defendants' motion to dismiss. This appeal followed.

In considering a Rule 12 (b)(6) motion to dismiss, the allegations must be viewed in a light most favorable to the plaintiff, admitting and accepting as true all facts well-pleaded. Devoe v. Missoula County (1987), 226 Mont. 372, 374, 735 P.2d 1115, 1116; United States Nat'l Bank of Red Lodge v. DOR (1977), 175 Mont. 205, 207, 573 P.2d 188, 190. Further, a court should not dismiss a complaint for failing to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. Proto v. Missoula County (1988), 230 Mont, 351, 353, 749 P.2d 1094, 1095, quoting Conley v. Gibson (1957), 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84; Marshall v. State (1992), ___ Mont. ___, 830 P.2d 1250, 49 St.Rep. 336.

I

Did the District Court err in dismissing Farris's cause of

3

action for breach of the implied covenant of good faith and fair dealing?

It first should be noted Farris has not pled an action for fraud and does not comply with Rule 9(b) of the Montana Rules of Civil Procedure. The District Court relying on Nordlund v. School District No. 14 (1987), 227 Mont. 402, 738 P.2d 1299, found that because the Commissioner did not breach the employment contract, there could be no breach of the implied covenant. Nordlund at 406, 738 P.2d at 1302. This characterization is not exactly correct. Under Story v. City of Bozeman (1990), 242 Mont. 436, 791 P.2d 767, a breach of the underlying contract is not a prerequisite to a breach of the implied covenant of good faith and fair dealing.

Farris argues that if she can show objective manifestations of job security beyond the term contract, she may maintain a breach of the implied covenant of good faith and fair dealing. Farris relies on Dare v. Montana Petroleum Marketing (1984), 212 Mont. 274, 282, 687 P.2d 1015, 1020, for the proposition that an employer's objective manifestations give the employee a reasonable belief that he or she has job security. Farris argues that Dare should apply to employment relationships not covered under the Wrongful Discharge From Employment Act (Act). Farris also argues that because the Commissioner viewed the contract as exempt from the Act, he was able to terminate her "at will," and for this reason she is an at will employee.

Dare involved an at will employee with no written contract who was terminated from her job. The position she held was not covered

4

by an employment handbook. We held that an employment handbook was not essential in a cause of action for breach of the implied covenant of good faith and fair dealing in an at will employment relationship. Dare at 283, 687 P.2d at 1020. Dare was decided in 1984 prior to the enactment of the Wrongful Discharge From Employment Act of 1987.

Farris essentially argues that Dare stands for the proposition that a violation of an employment handbook is not essential to maintaining an action for breach of the implied covenant in an at will situation. Therefore, even though the Commissioner did not breach his own employment regulations (which in Farris's reasoning is likened to having no employment handbook) in effect at the time, this does not bar Farris's claim. We do not disagree, but such analysis does not apply here.

On appeal, Farris argues that prior to being hired she was informed that the Commissioner viewed her position as a permanent position. Farris, upon accepting the position, sold her house in Great Falls and moved to Helena. Further, Farris contends she understood that the signing of the yearly "term" contracts was merely a formality.

Even admitting and accepting the facts well-pleaded in favor of Farris, she cannot overcome the Parol Evidence Rule. Section 28-2-904, MCA, provides:

> The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.

Here, the consideration of oral negotiations between the

5

Commissioner and Farris prior to the signing of the contracts is barred by the Parol Evidence Rule. The term contracts embody the legal agreement between Farris and the defendant. Farris signed three term contracts each for one year. She was aware that upon adequate notice the contracts could be non-renewed. We do not accept her argument that the Commissioner's adoption of the regulations allowed him to circumvent the Wrongful Discharge From Employment Act, thus terminating her "at will," therefore mandating a "just cause" requirement.

As to the alleged representations made after the agreements were entered into, relative to job performance and terms, consideration of these would violate § 28-2-1602, MCA. An agreement made in writing cannot be altered except in writing or by an executed oral agreement, and not otherwise. This is the public policy of the State of Montana. Therefore, in suits of good faith and fair dealing relative to termination at the expiration of the term, the alleged implied covenant cannot be in direct contradiction of the written term contract. See § 28-2-1602, MCA. Also see Carma Developers (Cal. 1992), 826 P.2d 70, where the Supreme Court of the State of California recently stated how a covenant of good faith should be read as follows:

> We are aware of no reported case in which a court has held the covenant of good faith may be read to prohibit a party from doing that which is expressly permitted by an agreement. On the contrary, as a general matter, implied terms should never be read to vary express terms. (Tanner v. Title Ins. & Trust Co. (1942) 20 Cal.2d 814, 824, 129 P.2d 383; see, Wal-Noon Corp. v. Hill (1975) 45 Cal.App.3d 605, 613, 119 Cal.Rptr. 646.) "The general rule [regarding the covenant of good faith] is plainly subject to the exception that the parties may,

6

by express provisions of the contract, grant the right to engage in the very acts and conduct which would otherwise have been forbidden by an implied covenant of good faith and fair dealing. . . . [¶]This is in accord with the general principle that, in interpreting a contract 'an implication . . . should not be made when the contrary is indicated in clear and express words.' 3 Corbin, Contracts, § 564, p. 298 (1960). . . . [¶]As to acts and conduct authorized by the express provisions of the contract, no covenant of good faith and fair dealing can be implied which forbids such acts and conduct. And if defendants were given the right to do what they did by the express provisions of the contract there can be no breach." (VTR, Incorporated v. Goodyear Tire & Rubber Company (S.D.N.Y. 1969) 303 F.Supp. 773, 777-778.)

Carma at 728.

We agree with the analysis in Carma. No obligation can be implied which would result in the obliteration of a right expressly given under a written contract. See Gerdlund v. Electric Dispensers International (1987), 190 Cal.App.3d 263, 235 Cal.Rptr. 279. The implied covenant applies to both employer and employee relative to a contract. See Barrett v. Asarco (1988), 234 Mont. 229, 763 P.2d 27. The right of workers to have a contract which is governed by Montana law and to have their express rights therein set forth and enforced, also cannot be obliterated by alleged contradictory objective manifestations supported by oral testimony.

Farris argues that Stark v. Circle K Corp. (1988), 230 Mont. 468, 751 P.2d 162, and Prout v. Sears, Robuck and Co. (1989), 236 Mont. 152, 772 P.2d 288, apply here. In both cases the employee was an at-will employee and had signed written agreements that they could be terminated with or without cause. In Stark, the alleged reason for discharge was insubordination, and in Prout, for falsification of time sheets. Both discharges were stated to be

7

for cause. In <u>Stark</u> we allowed the jury to decide whether the covenant of good faith and fair dealing was breached in view of all the evidence as to whether or not the employer had cause and had followed its own policies. In <u>Prout</u> we gave effect to the written agreements and said the employer could fire without cause under the agreements, but that if it asserted the termination was for cause, the employee must have an opportunity to prove that the cause stated was false; and among the issues there was a factual question of the falsity of the cause which precluded summary judgment.

The eventual determination of these factual issues in <u>Stark</u> and <u>Prout</u> did not and would not contradict the express wording of the respective agreements. The application of the implied covenant addressed the interpretation of the words "with cause" and the discretion of the employer thereunder.

For the reasons stated above, we affirm the District Court on this issue.

II

Did the District Court err in dismissing the wrongful discharge claim and the claim under the Wrongful Discharge From Employment Act?

The District Court found that the language of the contract at issue was clear and unambiguous. Further it found that non-renewal was permissible under the contract. Additionally, the District Court found that the Commissioner followed the defendants'

8

personnel policies in effect at the time. Relying on Nordlund v. School District No. 14 (1987), 227 Mont. 402, 738 P.2d 1299, the District Court concluded the act of the Commissioner was not a wrongful discharge.

Farris argues that the personnel policies and regulations allowed the Commissioner to deprive her of the remedies available under the Wrongful Discharge From Employment Act. This is because the regulations and notice requirements allow the Commissioner to circumvent the just cause requirement under the Act. Section 39-2-901, MCA, et seq., contains Montana's Wrongful Discharge From Employment Act. The purpose of the Act was to set out certain rights and remedies with respect to wrongful discharge. § 39-2-902, MCA. The Act was meant to preempt common law remedies. § 39-2-913, MCA. Section 39-2-904, MCA, provides in part:

A discharge is wrongful only if:
. . .
(2) the discharge was not for good cause . . .
(3) the employer violated the express provisions of
its own written personnel policy.

Farris argues that the Act imposed a just cause requirement on all employment relationships in place of common law remedies. Further, she argues that the Commissioner, by unilaterally adopting the regulation authorizing him, with adequate notice, not to renew a professional contract, violates the public policy of just cause under the Act. Farris relies on Portable Embryonics v. J. P. Genetics (1991), 248 Mont. 242, 810 P.2d 1197, for the proposition that the Commissioner's adoption of these regulations has an illegal effect because it violates public policy and is therefore

9

unenforceable.

In *Portable* the defendants were performing bovine embryo transfers. They were without veterinary licenses in violation of Montana law. We held that due to the illegality, the entire contract was void. *Portable* at 245, 810 P.2d at 1199.

Here the Act itself excludes from the provisions of the Act the discharge of an employee covered under certain written agreements. Section 39-2-912, MCA, of the Act provides in part:

> This part does not apply to a discharge: . . .
> (2) of an employee covered by a written collective bargaining agreement or a written contract of employment for a specific term. (Emphasis added.)

The District Court found that the contract in question was a written contract for a specific term as contemplated under the Act. Therefore, the Act was not applicable. We agree with the District Court.

Farris also essentially argues that the Commissioner, by adopting regulations allowing him to hire employees under specific term contracts, can escape the just cause requirements imposed under the Act. The effect of this is to terminate an employee by simply not entering into a new contract. Nothing in our law forbids the parties here from entering into such a contract where the contract is exempted from the Act. We have previously upheld the discretionary rights of employers to non-renew specific term contracts without a showing of good cause. Leland v. Heywood (1982), 197 Mont. 491, 497-498, 643 P.2d 578, 581-582. In addition no other violations of public policy have been asserted which would give rise to a wrongful discharge claim.

10

For the reasons set forth above, we affirm the District Court on this issue.

III

Did the District Court err in finding appellant had no entitlement to property under a written contract for a specified term when the contract is not renewed at the expiration of the term?

Farris based her rights as to a property interest on the breach of the implied covenant of good faith and fair dealing and wrongful discharge and inasmuch as she failed on these issues, the question is moot.

For the reasons set forth in the opinion, we affirm the judgment of the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

11

Justice William E. Hunt, Sr., dissents.

I dissent. The majority decision of the Court today deals a devastating blow to Montana workers. Under the holding of this case, an employer may make significant oral representations to an employee concerning the terms of the employment, induce the employee to sign a written contract with provisions contrary to the oral representations on the basis that the written contract is only a formality, and then completely avoid all liability for the oral misrepresentations which induced the employee to sign the written contract in the first place. The majority opinion prohibits an employee from even presenting evidence of the wrongdoing, encourages employers to deal dishonestly with employees, and leaves a large segment of the working population (destined to grow larger as employers familiarize themselves with the majority opinion) without any legal recourse. The decision is not mandated by existing law and is an unacceptable shift in the balance between the rights and protections of employees and employers.

This Court must accept as true all facts well-pled by the appellant in her complaint. Appellant alleges that she was given objective manifestations of job security beyond the time specified in the written contract. Appellant argues on appeal that she relied upon these extrinsic objective manifestations in deciding to accept employment with respondents. Further, appellant contends she was told that the written contract of employment, which contained terms contrary to the extrinsic oral representations, was merely a formality. Under this factual situation, the matter

12

should not have been dismissed on respondents' Rule 12(b)(6) motion to dismiss. Appellant should have been allowed to present evidence of the extrinsic oral representations at trial for a determination of the merit of her claim for breach of the implied covenant of good faith and fair dealing.

Every contract entered into in Montana, regardless of type, contains an implied covenant of good faith and fair dealing. Story v. City of Bozeman (1990), 242 Mont. 436, 450, 791 P.2d 767, 775. The majority correctly points out that a breach of the underlying contract is not a prerequisite to a breach of the implied covenant of good faith and fair dealing. Story, 791 P.2d at 775. In this instance, appellant is not alleging a breach of an express contractual term, but is contending that respondents breached the covenant of good faith and fair dealing by terminating her employment in a manner inconsistent with the representations made to her concerning job security.

In light of the facts in this case and the applicable law, it is clear that appellant has a cause of action for breach of the covenant of good faith and fair dealing, but the majority concludes that all the evidence necessary for appellant to present her case is excluded by the parol evidence rule found at § 28-2-904, MCA. However, § 28-2-905(2), MCA, provides an exception to the parol evidence rule which is relevant in this case. Section 28-2-905(2), MCA, provides in part that:

> This section does not exclude other evidence of the circumstances under which the agreement was made or to

13

which it relates . . . or other evidence to explain . . . fraud.

Additionally, § 28-2-1611, MCA, provides that:

> When, through fraud or a mutual mistake of the parties or a mistake of one party while the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons in good faith and for value.

The exception to the parol evidence rule for extrinsic evidence of fraud is well-established and long-standing, not just in Montana, but throughout the nation. It is clear that:

> It was never intended that the parol evidence rule could be used as a shield to prevent the proof of fraud, or that a person could arrange to have an agreement which was obtained by him through fraud exercised upon the other contracting party reduced to writing and formally executed, and thereby deprive the courts of the power to prevent him from reaping the benefits of his deception and chicanery.

37 Am. Jur. 2d, Fraud and Deceit, § 451. Appellant did not bring a cause of action specifically alleging fraud. Instead, appellant brought an action for breach of the implied covenant of good faith and fair dealing resulting from misrepresentations made by respondents. In terms of the rationale underlying the fraud exception to the parol evidence rule, it should make no difference whether a plaintiff in a given case brings an action based on misrepresentations under a theory of fraud or breach of the covenant of good faith and fair dealing. The rationale for the exception to the parol evidence rule applies equally to both situations. In either case, there is an allegation that false

14

representations have been made which can only be proven by evidence extrinsic to the contract. Sheer necessity dictates such evidence must be allowed. This is the very essence of the exception to the parol evidence rule.

On appeal, respondents contend that allowing appellant the opportunity to present evidence that oral representations were made which were contrary to the written contract would be nothing short of a "revolution" in Montana contract law. On the contrary, there is nothing revolutionary in allowing one party to a contract to present evidence that material oral misrepresentations induced the party to enter into the contract. The majority opinion concludes its discussion of this issue by stating that "in suits of good faith and fair dealing relative to termination at the expiration of the term, the alleged implied covenant cannot be in direct contradiction of the written term contract." This statement is apparently based on the majority's holding that the parol evidence rule excludes all evidence that would show that in fact representations were made in contradiction of the written term contract.

In Nordlund v. School District No. 14 (1987), 227 Mont. 402, 738 P.2d 1299, this Court was faced with a similar factual situation. In Nordlund, an employee brought suit for breach of the covenant of good faith and fair dealing following the nonrenewal of his specific term written contract of employment. We affirmed the District Court's decision against Nordlund, partially on the basis that Nordlund could prove no set of facts from which a breach of

15

the implied covenant could be proven. The parol evidence rule was not mentioned by the Court.

In Stark v. Circle K Corporation (1988), 230 Mont. 468, 751 P.2d 162, an employee brought suit for breach of the implied covenant of good faith and fair dealing in the termination of his employment. In Stark, there was a written contractual provision providing that he could be terminated with or without cause. A jury returned a verdict in favor of Stark. In affirming the jury verdict, this Court stated that "[w]e find the evidence considerably more than sufficient for the jury to find that Stark had an objectively reasonable belief that he would be fired only for good cause." Stark, 751 P.2d at 166. The employer in Stark argued that oral representations could not overcome the written contractual provision that the employment could be terminated with or without cause. This Court's response to that argument is relevant to the present case. We stated:

> It is alleged that the written contractual provision allowing termination without cause cannot be modified by oral representations which would give rise to a reasonable expectation of anything but "at will" employment. Circle K misunderstands the nature of good faith and fair dealing.
>
> In *Gates v. Life of Montana Insurance Co.* (1982), 196 Mont. 178, 638 P.2d 1063 (*Gates I*), we recognized that the covenant of good faith and fair dealing is applicable to employment contracts. The covenant is implied as a matter of law based on the public policy of this State. It does not depend on contractual terms for its existence, nor is the covenant of good faith and fair dealing subject to contractual waiver, express or implied. See § 28-2-701(2), MCA. "The duty arises out of the employment relationship yet the duty exists apart from, and in addition to, any terms agreed to by the

16

parties." *Gates v. Life of Montana Insurance Co.* (1983), 205 Mont. 304, 668 P.2d 213, 214, 40 St.Rep. 1287, 1289 *(Gates II)*. Despite the express contract, the question of whether the "covenant of good faith and fair dealing is implied in a particular case depends upon the objective manifestations by the employer giving rise to the employee's reasonable belief that he or she has job security and will be treated fairly." *Dare v. Montana Petroleum Marketing Co.* (Mont. 1984), 687 P.2d 1015, 1020, 41 St.Rep. 1735, 1739.

The record demonstrates Stark experienced objective manifestations reasonably giving rise to a belief of job security.

Stark, 751 P.2d at 166. The parol evidence rule was not mentioned in Stark. This same analysis was later applied in Prout v. Sears, Roebuck and Co. (1989), 236 Mont. 152, 772 P.2d 288. I believe this Court should follow the precedent set in these and other past Montana cases, as well as the statutory exception to the parol evidence rule and allow appellant the opportunity to present her case.

The application of the parol evidence rule in this case to exclude the extrinsic oral representations is unduly harsh, formalistic, and contrary to the very spirit and rationale upon which the rule is grounded.

Appellant should be able to present her evidence concerning the alleged breach of the implied covenant of good faith and fair dealing. If appellant prevails, she is entitled to recover her contract damages as provided in Story. Appellant also contends that according to Story the employer/employee relationship is a "special relationship," for which the breach of the covenant may allow tort damages. While this Court, in Gates v. Life of Montana

17

Insurance Co. (1983), 205 Mont. 304, 668 P.2d 213, stated that the employer/employee relationship is similar to the duty to act in good faith in discharging insurance contractual obligations, we have not explicitly held that it is a special relationship under the criteria set out in Story. In order to recover damages in tort, appellant must satisfy the five criteria set out in Story. The question of whether a special relationship exists should be presented at trial in accordance with the guidelines set out by this Court in Story wherein we stated that:

> If the facts of the special relationship are undisputed as to whether there is a special relationship, it is a question of law for the court to decide. If substantial evidence is presented supporting each and all of the above essential elements and such evidence is controverted in whole or in part, there arises appropriate questions of material fact to be submitted to the jury. If substantial evidence is not presented in support of each and all of the essential elements, the court shall direct there is no special relationship.

Story, 791 P.2d at 776.

The decision to exclude all extrinsic oral representations in these situations on the grounds that allowing such evidence would undermine the sanctity and security of written contracts, is both draconian in nature and altogether unnecessary. A decision which protects both employers and the sanctity of written contracts, while still allowing employees some opportunity to seek redress, could have been fashioned in this case and should have been sought after by the majority. Employers who have acted honestly and in good faith with their employees will be protected by our jury system of trials. Rule 11 sanctions are a mechanism already in

18

place to protect against suits which are frivolous and without merit. Contract provisions can assure adequate compensation for attorney fees and costs to employers prevailing in these actions. On the other hand, employers who do not conform their conduct to comply with the covenant of good faith and fair dealing do not deserve the protection of the law. However, for some unknown reason, the majority decision extends an absolute protection to employers who violate the covenant of good faith and fair dealing, insulating them from all liability for their wrongful conduct. This result is both unnecessary and unacceptable. I would reverse and remand for a trial of this matter.

_____
Justice

Justice Terry N. Trieweiler joins in the foregoing dissent of Justice Hunt.

_____
Justice

19

August 17, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Peter Michael Meloy
Meloy Law Firm
P.O. Box 1241
Helena, MT 59624

LeRoy H. Schramm
Montana University System    (hand delivered)
33 So. Last Chance Gulch
Helena, MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy