JUSTICE HUNT
dissents with concurrence by JUSTICE TRIEWEILER.
I dissent. The majority decision of the Court today deals a devastating blow to Montana workers. Under the holding of this case, an employer may make significant oral representations to an employee concerning the terms of the employment, induce the employee to sign a written contract with provisions contrary to the oral representations on the basis that the written contract is only a formality, and then completely avoid all liability for the oral misrepresentations which induced the employee to sign the written contract in the first place. The majority opinion prohibits an employee from even presenting evidence of the wrongdoing, encourages employers to deal dishonestly with employees, and leaves a large segment of the working population (destined to grow larger as employers familiarize themselves with the majority opinion) without any legal recourse. The decision is not mandated by existing law and is an unacceptable shift in the balance between the rights and protections of employees and employers.
This Court must accept as true all facts well-pled by the appellant in her complaint. Appellant alleges that she was given objective manifestations of job security beyond the time specified in the written contract. Appellant argues on appeal that she relied upon these extrinsic objective manifestations in deciding to accept employment with respondents. Further, appellant contends she was told that the written contract of employment, which contained terms contrary to the extrinsic oral representations, was merely a formality. Under this factual situation, the matter should not have been dismissed on respondents’ Rule 12(b)(6) motion to dismiss. Appellant should have been allowed to present evidence of the extrinsic oral representations at trial for a determination of the merit of her claim for breach of the implied covenant of good faith and fair dealing.
Every contract entered into in Montana, regardless of type, contains an implied covenant of good faith and fair dealing. Story v. City of Bozeman (1990), 242 Mont. 436, 450, 791 P.2d 767, 775. The majority correctly points out that a breach of the underlying contract is not a prerequisite to a breach of the implied covenant of good faith and fair dealing. Story, 791 P.2d at 775. In this instance, appellant is not alleging a breach of an express contractual term, but is contend *343 ing that respondents breached the covenant of good faith and fair dealing by terminating her employment in a manner inconsistent with the representations made to her concerning job security.
In light of the facts in this case and the applicable law, it is clear that appellant has a cause of action for breach of the covenant of good faith and fair dealing, but the majority concludes that all the evidence necessary for appellant to present her case is excluded by the parol evidence rule found at § 28-2-904, MCA. However, § 28-2-905(2), MCA, provides an exception to the parol evidence rule which is relevant in this case. Section 28-2-905(2), MCA, provides in part that:
This section does not exclude other evidence of the circumstances under which the agreement was made or to which it relates ... or other evidence to explain ... fraud.
Additionally, § 28-2-1611, MCA, provides that:
When, through fraud or a mutual mistake of the parties or a mistake of one party while the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons in good faith and for value.
The exception to the parol evidence rule for extrinsic evidence of fraud is well-established and long-standing, not just in Montana, but throughout the nation. It is clear that:
It was never intended that the parol evidence rule could be used as a shield to prevent the proof of fraud, or that a person could arrange to have an agreement which was obtained by him through fraud exercised upon the other contracting party reduced to writing and formally executed, and thereby deprive the courts of the power to prevent him from reaping the benefits of his deception and chicanery.
37 Am. Jur. 2d, Fraud and Deceit, § 451. Appellant did not bring a cause of action specifically alleging fraud. Instead, appellant brought an action for breach of the implied covenant of good faith and fair dealing resulting from misrepresentations made by respondents. In terms of the rationale underlying the fraud exception to the parol evidence rule, it should make no difference whether a plaintiff in a given case brings an action based on misrepresentations under a theory of fraud or breach of the covenant of good faith and fair dealing. The rationale for the exception to the parol evidence rule applies *344 equally to both situations. In either case, there is an allegation that false representations have been made which can only be proven by evidence extrinsic to the contract. Sheer necessity dictates such evidence must be allowed. This is the very essence of the exception to the parol evidence rule.
On appeal, respondents contend that allowing appellant the opportunity to present evidence that oral representations were made which were contrary to the written contract would be nothing short of a “revolution” in Montana contract law. On the contrary, there is nothing revolutionary in allowing one party to a contract to present evidence that material oral misrepresentations induced the party to enter into the contract. The majority opinion concludes its discussion of this issue by stating that “in suits of good faith and fair dealing relative to termination at the expiration of the term, the alleged implied covenant cannot be in direct contradiction of the written term contract.” This statement is apparently based on the majority’s holding that the parol evidence rule excludes all evidence that would show that in fact representations were made in contradiction of the written term contract.
In Nordlund v. School District No. 14 (1987), 227 Mont. 402, 738 P.2d 1299, this Court was faced with a similar factual situation. In Nordlund, an employee brought suit for breach of the covenant of good faith and fair dealing following the nonrenewal of his specific term written contract of employment. We affirmed the District Court’s decision against Nordlund, partially on the basis that Nordlund could prove no set of facts from which a breach of the implied covenant could be proven. The parol evidence rule was not mentioned by the Court.
In Stark v. Circle K Corporation (1988), 230 Mont. 468, 751 P.2d 162, an employee brought suit for breach of the implied covenant of good faith and fair dealing in the termination of his employment. In Stark, there was a written contractual provision providing that he could be terminated with or without cause. Ajury returned a verdict in favor of Stark. In affirming the jury verdict, this Court stated that “[w]e find the evidence considerably more than sufficient for the jury to find that Stark had an objectively reasonable belief that he would be fired only for good cause.” Stark, 751 P.2d at 166. The employer in Stark argued that oral representations could not overcome the written contractual provision that the employment could be terminated *345 with or without cause. This Court’s response to that argument is relevant to the present case. We stated:
It is alleged that the written contractual provision allowing termination without cause cannot be modified by oral representations which would give rise to a reasonable expectation of anything but “at will” employment. Circle K misunderstands the nature of good faith and fair dealing.
In Gates v. Life of Montana Insurance Co. (1982), 196 Mont. 178, 638 P.2d 1063 (Gates I), we recognized that the covenant of good faith and fair dealing is applicable to employment contracts. The covenant is implied as a matter of law based on the public policy of this State. It does not depend on contractual terms for its existence, nor is the covenant of good faith and fair dealing subject to contractual waiver, express or implied. See § 28-2-701(2), MCA. “The duty arises out of the employment relationship yet the duty exists apart from, and in addition to, any terms agreed to by the parties.” Gates v. Life of Montana Insurance Co. (1983), 205 Mont. 304, 668 P.2d 213, 214, 40 St.Rep. 1287, 1289 (Gates II). Despite the express contract, the question of whether the “covenant of good faith and fair dealing is implied in a particular case depends upon the objective manifestations by the employer giving rise to the employee’s reasonable belief that he or she has job security and will be treated fairly.” Dare v. Montana Petroleum Marketing Co. (Mont. 1984), 687 P.2d 1015, 1020, 41 St.Rep. 1735, 1739.
The record demonstrates Stark experienced objective manifestations reasonably giving rise to a belief of job security.
Stark, 751 P.2d at 166. The parol evidence rule was not mentioned in Stark. This same analysis was later applied in Prout v. Sears, Roebuck and Co. (1989), 236 Mont. 152, 772 P.2d 288. I believe this Court should follow the precedent set in these and other past Montana cases, as well as the statutory exception to the parol evidence rule and allow appellant the opportunity to present her case.
The application of the parol evidence rule in this case to exclude the extrinsic oral representations is unduly harsh, formalistic, and contrary to the very spirit and rationale upon which the rule is grounded.
Appellant should be able to present her evidence concerning the alleged breach of the implied covenant of good faith and fair dealing. If appellant prevails, she is entitled to recover her contract damages as provided in Story. Appellant also contends that according to Story *346 the employer/employee relationship is a “special relationship,” for which the breach of the covenant may allow tort damages. While this Court, in Gates v. Life of Montana Insurance Co. (1983), 205 Mont. 304, 668 P.2d 213, stated that the employer/employee relationship is similar to the duty to act in good faith in discharging insurance contractual obligations, we have not explicitly held that it is a special relationship under the criteria set out in Story. In order to recover damages in tort, appellant must satisfy the five criteria set out in Story. The question of whether a special relationship exists should be presented at trial in accordance with the guidelines set out by this Court in Story wherein we stated that:
If the facts of the special relationship are undisputed as to whether there is a special relationship, it is a question of law for the court to decide. If substantial evidence is presented supporting each and all of the above essential elements and such evidence is controverted in whole or in part, there arises appropriate questions of material fact to be submitted to the jury. If substantial evidence is not presented in support of each and all of the essential elements, the court shall direct there is no special relationship.
Story, 791 P.2d at 776.
The decision to exclude all extrinsic oral representations in these situations on the grounds that allowing such evidence would undermine the sanctity and security of written contracts, is both draconian in nature and altogether unnecessary. A decision which protects both employers and the sanctity of written contracts, while still allowing employees some opportunity to seek redress, could have been fashioned in this case and should have been sought after by the majority. Employers who have acted honestly and in good faith with their employees will be protected by our jury system of trials. Rule 11 sanctions are a mechanism already in place to protect against suits which are frivolous and without merit. Contract provisions can assure adequate compensation for attorney fees and costs to employers prevailing in these actions. On the other hand, employers who do not conform their conduct to comply with the covenant of good faith and fair dealing do not deserve the protection of the law. However, for some unknown reason, the majority decision extends an absolute protection to employers who violate the covenant of good faith and fair dealing, insulating them from all liability for their wrongful conduct. This result is both unnecessary and unacceptable. I would reverse and remand for a trial of this matter.